In the Matter of R.G.M., a Juvenile















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-195-CV
 
IN THE MATTER OF R.G.M., A JUVENILE,
 
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 1141
                                                                                                                

O P I N I O N
                                                                                                                

      A jury found beyond a reasonable doubt that R.G.M., a 16 year-old juvenile, engaged in
delinquent conduct by committing two counts of aggravated assault. See Tex. Fam. Code Ann.
§ 51.03(a)(1) (Vernon Supp. 1998); Tex. Pen. Code Ann. § 22.02(a)(2) (Vernon 1994). 
Following a disposition hearing, the jury assessed a determinate sentence of six years to be served
in the Texas Youth Commission with a possible transfer to the Texas Department of Criminal
Justice-Institutional Division. Tex. Fam. Code Ann. § 54.04(d)(3) (Vernon Supp. 1998). 
R.G.M.’s issue presented alleges that the evidence is legally insufficient to support the jury’s
finding to one of the aggravated assault allegations.FACTUAL BACKGROUND
      R.G.M., another juvenile, and a seventeen year old adult confronted the Hicks brothers,
Timmy and Stacy, in the parking lot of a convenience store in Copperas Cove. Two witnesses
inside the convenience store testified that R.G.M., who was wearing a black hat, struck Timmy
Hicks with a baseball bat. Timmy Hicks also testified that R.G.M. hit him three times on the back
with the baseball bat while another boy had him pinned on the ground. Stacy Hicks also testified
that R.G.M. hit him in the knee with the bat as he was coming to the aid of his brother. R.G.M.
testified that he hit Timmy with the bat because Timmy was slamming his friend’s head into the
concrete.
      Question 2A asked the jury:
Do you find from the evidence beyond a reasonable doubt that the Juvenile, [R.G.M.],
engaged in delinquent conduct, to wit: that on or about the 10th day of January, 1997,
in Coryell County, Texas, the Juvenile did then and there intentionally, knowingly and
recklessly cause bodily injury to Timmy Richard Hicks by striking him with a baseball bat
and kicking and punching Timmy Richard Hicks with his foot and closed fist. 
 
If you do so find from the evidence beyond a reasonable doubt, you will answer “We
Do.” (Emphasis added).
 
The jury answered the question, “We Do.” The jury also found that the baseball bat was used as
a deadly weapon when it answered question 2B. R.G.M. argues that the evidence is legally
insufficient because there is no evidence that R.G.M. kicked anyone during the assault and
therefore he should be acquitted. R.G.M. is correct that there is no evidence that he kicked
anyone. However, that absence does not necessarily lead to legal insufficiency.
LEGAL SUFFICIENCY
      Generally, the requirements governing an appeal of a juvenile case are the same as in civil
cases. Tex. Fam. Code Ann. § 56.01(b) (Vernon Supp. 1998). However, an adjudication of
delinquent conduct must be proven beyond a reasonable doubt. In re Winship, 397 U.S. 358, 368,
90 S. Ct. 1068, 1075, 25 L. Ed. 2d 368 (1970); Id. § 54.03(f) (Vernon 1996). Thus, we are
required to apply the legal sufficiency standard articulated in Jackson v. Virginia. 443 U.S. 307,
318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979); R.X.F. v. State, 921 S.W.2d 888, 899
(Tex. App.—Waco 1996, no writ). Under Jackson, the court reviews the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S. at 318-19, 99 S.
Ct. at 2788-89; Lane v. State, 933 S.W.2d 504, 507 (Tex. Crim. App. 1996).
      R.G.M. alleges that the evidence is legally insufficient when measured against the jury charge,
which alleges that R.G.M. struck Hicks with a baseball bat and kicked and punched Hicks with his
foot and closed fist. In the past, when the State did not object to a jury charge that increased its
burden, the appellate court measured the sufficiency of the evidence against the charge as
submitted. Moreno v. State, 872 S.W.2d 1, 3 (Tex. App.—Houston [1st Dist.] 1993, no pet.). 
However, the Court of Criminal Appeals has decided that the sufficiency of the evidence will no
longer be measured against the jury charge that was actually given. Malik v. State, 953 S.W.2d
234, 239 (Tex. Crim. App. 1997). According to Malik:
. . . sufficiency of the evidence should be measured by the elements of the offense as
defined by the hypothetically correct jury charge for the case. Such a charge would be
one that accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for which the
defendant was tried. 
 
(emphasis added). Id. at 240. Further, “if an element to be proved is incorporated into the charge
merely because the State failed to object, and hence, unnecessarily increased its burden of proof,
then that element cannot be an ‘essential’ element of the crime.” Id. at 237. The Court stated that
the purpose of the Jackson standard is to ensure that innocent persons are not convicted. Id. at 239. 
Thus, the holding in Malik “ensures that a judgment of acquittal is reserved for those situations in
which there is an actual failure in the State’s proof of the crime rather than a mere error in the jury
charge submitted.” Id. at 240. R.G.M. acknowledges Malik, but argues that it is dicta and should
not be followed. See id. (Meyers, J. concurring). However, the Court of Criminal Appeals has
held in a subsequent case that Malik is not pure dicta and has “binding precedential effect.” Blanco
v. State, No. 0098-97, slip op. at 3 (Tex. Crim. App. Feb. 18, 1998). 
      In the present case, the use of and in the jury charge alleges the manner and means
conjunctively and unnecessarily increases the State’s burden of proof. When the manner and means
are alleged disjunctively, proof of any one of the manner and means alleged is sufficient. See Scott
v. State, 732 S.W.2d 354, 360 (Tex. Crim. App. 1987). The State could have objected to the
submission of the charge in the conjunctive and had the charge changed to the disjunctive. See
Malik, 953 S.W.2d at 237. Thus, the use of and in the jury charge is not an essential element of
the offense and unnecessarily increases the State’s burden of proof. Id. Therefore, a
“hypothetically correct jury charge” in this case would have alleged the elements of aggravated
assault and the manner and means disjunctively by using or instead of and. Id. at 240. 
      We will measure the sufficiency of the evidence against the hypothetically correct jury charge,
so proof of the elements of aggravated assault by any one of the manner and means alleged will be
sufficient. Id.; Scott, 732 S.W.2d at 360. 
      A person commits the offense of aggravated assault if the person: (1) intentionally, knowingly,
or recklessly causes bodily injury to another, including the person’s spouse and (2) uses or exhibits
a deadly weapon during the commission of the assault. Tex. Pen. Code Ann. §§ 22.01(a),
22.02(a)(2) (Vernon 1994). Viewing the evidence in the light most favorable to the verdict, we
find that the State presented witnesses who testified that R.G.M. hit Timmy Hicks with a baseball
bat. The baseball bat was used as a deadly weapon in this case because of its capability of inflicting
serious bodily injury. Id. § 1.07(a)(17)(B). 
      We find the evidence sufficient for a rational trier of fact to find beyond a reasonable doubt
that R.G.M. committed the offense of aggravated assault. Jackson, 443 U.S. at 318-19, 99 
S. Ct. at 2788-89. Therefore, we overrule the issue presented. We affirm the judgment.
 
                                                                               REX D. DAVIS 
                                                                               Chief Justice
 
Before Chief Justice Davis
      Justice Cummings and
      Justice Vance
Affirmed
Opinion delivered and filed April 22, 1998 
Do not publish