**Elisa Rena WARREN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 297–90.**

Court of Criminal Appeals of Texas,
En Banc.

April 17, 1991.

Rehearing Overruled June 19, 1991.

Terrence Gaiser, Bobbi Blackwell, Kirby Taylor, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Mary Lou Keel, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of the offense of theft from person and the court assessed punishment at two years confinement. § 31.03(e)(4)(B). The Court of Appeals affirmed the conviction. *Warren v. State,* 784 S.W.2d 56 (Tex.App.—Houston [1st Dist.] 1989). We granted appellant's petition for discretionary review to deter-

mine whether the Court of Appeals correctly decided that the evidence was sufficient.

Officers with the Vice Squad of the Houston Police Department established surveillance for prostitution at a nightclub in the Westin Galleria Hotel. During the surveillance, appellant entered the nightclub and ordered a drink. Approximately thirty minutes later, Vice Squad Officer Nesbitt introduced himself to appellant and bought her a drink. Appellant agreed to later meet in Nesbitt's room and left the nightclub. Nesbitt went to his room, made himself a bourbon and Coke and waited. Appellant later appeared with some vodka and orange juice. Appellant asked Nesbitt to get some ice from the machine down the hall. When Nesbitt returned, his bourbon and Coke had been replaced with vodka and orange juice. Believing the new drink to be drugged, Nesbitt feigned taking a drink, excused himself to go to the bathroom where he poured out half of the drink. Shortly thereafter, Nesbitt claimed to be tired, lay on the bed, and pretended to pass out. Appellant removed Nesbitt's pants. Appellant took Nesbitt's watch, gold chain and $230 from his pants pocket, threw the pants aside and put the items in her purse. Nesbitt heard a click at the door and arrested appellant. There is no indication that appellant attempted to put the pants in her purse with the other items taken from Nesbitt or that appellant was otherwise going to take Nesbitt's pants with her when she left the room. On cross-examination, Nesbitt conceded that appellant did not steal his pants.

■ The Court of Appeals found the evidence insufficient to show that appellant intended to appropriate the pants. We agree. Viewed in the light most favorable to the verdict, the evidence is insufficient to prove that appellant intended to deprive Nesbitt of his pants.[1] However, the Court of Appeals found the evidence sufficient because "[a]ppropriation of *any* of the property from Nesbitt's person supports a conviction for theft from a person." *Warren*, 784 S.W.2d at 60. (Emphasis added.) We disagree with that holding.

■ The issue is not whether the State proved appellant appropriated some of the property, but whether the State proved the allegations in the indictment as set forth in the court's charge. *Boozer v. State*, 717 S.W.2d 608 (Tex.Cr.App.1984).

> Because a verdict of "guilty" necessarily means the jury found evidence of that on which it was authorized to convict, the sufficiency of the evidence is measured by the charge *that was given*. It follows that if evidence does not conform to the instruction given, it is insufficient as a matter of law to support the only verdict of "guilty" which was authorized. [footnote omitted]. [Emphasis in original].
>
> Under the trial court's charge in the instant case, the only verdict authorized in view of the evidence was "not guilty;" restated, had the jury followed the trial court's instructions, appellant would have been acquitted.

*Id.* at 610.

In this cause, the indictment alleged that appellant appropriated the property in the conjunctive—watch, chain, money, *and* pants. The charge could have properly alleged the items in the disjunctive—watch, chain, money, *or* pants. See *Brandon v. State*, 599 S.W.2d 567 (Tex.Cr.App.1979); *Zanghetti v. State*, 618 S.W.2d 383 (Tex.Cr.App.1981). However, the jury was instructed to find appellant guilty if they found appellant appropriated "one watch, one necklace, cash money, *and* one pair of pants." (Emphasis added.)

The trial court gave both the State and appellant an opportunity to object to the charge. While the State took issue with an instruction requested by appellant, when asked if there were "any other objections or additions or deletions," the State re-

---

1. The jury apparently had difficulty deciding appellant's guilt. During deliberations, the jury foreman sent the court a note which asked, "if we, the jury, believe the facts prove the defendant is guilty of stealing the watch, necklace, and money mentioned in the indictment, but not guilty of stealing the pants can the defendant be found guilty as charged in the indictment?"

sponded, "[n]one from the State, Your Honor."

■ Our law provides that when the court's charge to the jury is otherwise correct but places a higher burden on the State, failure to object constitutes an acceptance of that higher burden by the State. *Benson v. State,* 661 S.W.2d 708, 715 (Tex.Cr.App.1982) (opinion on rehearing), cert. denied, 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984) and *Stephens v. State,* 717 S.W.2d 338, 341 (Tex.Cr.App. 1986). We recently reaffirmed that holding in *Nickerson v. State,* 782 S.W.2d 887 (Tex.Cr.App.1990).

By not objecting to the charge, the State unnecessarily assumed the burden of proving that appellant appropriated *all* of the items in the application paragraph of the court's charge, including, "one pair of pants." *Nickerson,* 782 S.W.2d 887; *Stephens v. State,* 717 S.W.2d 338 (Tex.Cr. App.1986). See also *Arceneaux v. State,* 803 S.W.2d 267 (Tex.Cr.App.1990). Because the charge was given in the conjunctive, the only verdict authorized in view of the evidence was "not guilty." Therefore, the evidence is insufficient as a matter of law. *Boozer v. State,* 717 S.W.2d at 610.

Therefore, the judgment of the Court of Appeals affirming the judgment of the trial court is reversed and the cause is remanded to the trial court for entry of a judgment of acquittal.

WHITE, J., concurs in the result.

McCORMICK, P.J., dissents.