**James R. TOLIVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–90–00842–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 2, 1992.

Frances M. Northcutt, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Roger A. Haseman, Ed Chernoff, Asst. Dist. Attys., Houston, for appellee.

Before DUNN, DUGGAN and O'CONNOR, JJ.

## OPINION

DUNN, Justice.

A jury convicted appellant, James R. Toliver, of aggravated robbery, and the trial court assessed punishment at 65–years confinement.

Carlos Millan testified that on May 3, 1990, he was employed as a store manager at the Continental Foods grocery store. Millan testified that, once a day, he went to the bank and brought operating cash back to the grocery store. On the morning of May 3, 1990, Millan went to the bank and brought back $1450 to the grocery store. As was Millan's normal procedure, he carried the cash in a blue bank bag, which in turn was placed inside a maroon Dr. Pepper backpack.

When Millan arrived at the grocery store from his trip to the bank, he parked his vehicle. Millan testified that as he left his vehicle and began to walk toward the store, he noticed appellant was standing in front of him. Appellant had a gun that he pointed at Millan. When asked what appellant said to him, Millan testified that appellant said, "The bag." This is the only statement appellant made to Millan. Millan further testified that at the time appellant said, "the bag," appellant grabbed the backpack. At the same time appellant grabbed the backpack, Millan heard a car horn honking and noticed that appellant started looking both ways.

Robert Vasquez testified that he was the person who honked his car horn. Vasquez testified that he had gone to the store to buy something, and as he was leaving the store, he saw Millan across the parking lot. Vasquez drove toward Millan's car and honked his car horn when he got to within a short distance of Millan. Millan testified that appellant ran with the backpack at the same time Vasquez honked his car horn.

In his sole point of error, appellant asserts that the evidence was insufficient to support his conviction because the evidence fails to establish beyond a reasonable doubt that the offense was committed "by ... demanding money," as alleged in the indictment.

In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The standard of review is the same for both direct and circumstantial evidence. *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex.Crim. App.1984).

Appellant was indicted under a single paragraph that alleged appellant did the following:

> while in the course of committing theft of property owned by Carlos Millan and with intent to obtain and maintain control of the property, intentionally and knowingly threaten and place Carlos Millan in fear of imminent bodily injury and death by producing a handgun *and demanding money*, and the defendant did

then and there use and exhibit a deadly weapon, to-wit, a handgun.

(Emphasis added.)

The trial court's charge to the jury provided:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 3rd day of May, 1990, in Harris County, Texas, the defendant, James R. Toliver, did then and there unlawfully while in the course of committing theft of property owned by Carlos Millan, and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place Carlos Millan in fear of imminent bodily injury or death, by producing a gun *and demanding money,* and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm, then you will find the defendant guilty of aggravated robbery as charged in the indictment.

Unless you so find from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict, "Not Guilty."

(Emphasis added.)

■ In deciding whether the evidence was sufficient to support appellant's conviction, we must determine whether the State proved the allegations in the indictment as set forth in the trial court's jury charge. *Warren v. State,* 810 S.W.2d 202, 203 (Tex.Crim.App.1991). If there is a variance between the allegations and the proof, the evidence may be insufficient to support the conviction. *Franklin v. State,* 659 S.W.2d 831, 833 (Tex.Crim.App.1983). An appellate court must "look to the charge to determine whether the part at issue is one which 'authorizes a conviction.'" *Arceneaux v. State,* 803 S.W.2d 267, 271 (Tex. Crim.App.1990). If the answer to that question is "yes," the portion of the charge at issue is not "surplusage," and the State assumes the burden of proving the unnecessary allegations. *Id.*

A person commits robbery if:

in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX.PENAL CODE ANN. § 29.02 (Vernon 1989). A person commits aggravated robbery if he commits robbery as defined above, and he causes serious bodily injury to another or uses or exhibits a deadly weapon. TEX.PENAL CODE ANN. § 29.03 (Vernon 1989).

Appellant does not dispute that the evidence was sufficient to show that he committed theft and that he exhibited a deadly weapon. Appellant contends that the evidence was insufficient to show that he *demanded money.*

■ The State did not have to describe, in the indictment, *how* appellant threatened or placed Millan in fear of imminent bodily injury or death. The words "by producing a firearm and demanding money," were unnecessary words. *Rogers v. State,* 756 S.W.2d 332, 334–35 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd). However, the words were part of the jury charge that authorized a conviction. TEX.PENAL CODE ANN. § 29.03 (Vernon 1989). Therefore, the State assumed the burden of proving that appellant *demanded money. Arceneaux,* 803 S.W.2d at 271.

Reviewing the evidence in the light most favorable to the verdict, we find the evidence was sufficient to prove that appellant demanded money. The evidence presented at trial shows appellant demanded only "the bag." Appellant did not order Millan to empty his pockets, or demand his car or any other valuable property. Appellant's demand for "the bag," ignoring other valuable items, infers that he knew the backpack contained the bank bag. The jury could have rationally concluded that the demand for "the bag" was a specific demand for the bank bag, which is designed and provided for the transportation of money, instead of the backpack that he grabbed. A rational trier of fact could have found, beyond a reasonable doubt,

that appellant's demand for "the bag" was in actuality a "demand for money."

Appellant's sole point of error is overruled.

The judgment is affirmed.

O'CONNOR, J., dissents.

O'CONNOR, Justice, dissenting.

I dissent.

Last year, the Court of Criminal Appeals reversed this Court for our opinion in *Warren v. State*, 784 S.W.2d 56 (Tex.App.—Houston [1st Dist.] 1990) (*Warren I*), rev'd, 810 S.W.2d 202 (Tex.Crim.App.1991) (*Warren II*). As the author of the *Warren I* opinion, I am painfully aware of its holding. Today, the majority repeats the error we committed in *Warren I*. As an intermediate court, we are obliged to follow the law as expressed by the Court of Criminal Appeals in *Warren II*.

In *Warren II*, the Court of Criminal Appeals held the State must prove *all* the allegations in the indictment as set forth in the trial court's charge. *Id.* at 203–204. In *Warren II*, the State alleged, in the indictment, that the defendant committed theft by appropriating a watch, a chain, money, *and pants* without the effective consent of the owner. 810 S.W.2d at 203. This Court found that the evidence presented at trial was insufficient to prove the defendant intended to deprive the owner of his pants, but also found the evidence was sufficient to support the conviction because appropriating any of the owner's property supported a conviction for theft. *Id.* On appeal, the Court of Criminal Appeals reversed, holding that the State assumed the burden of proving the appellant appropriated all the items in the trial court's charge, including the pants, when it did not object to the charge. *Id.* at 204.

In accord with the *Warren II* opinion, I would find the evidence was insufficient to prove that the appellant demanded money. The only demand the appellant made of Millan was to give him "the bag." Millan testified that the only statement the appellant made was "the bag." There is no evidence in the record that the appellant demanded money. There is no evidence that the appellant saw the bank bag in the backpack or that he saw the money in the backpack. There is no evidence the appellant knew the backpack contained a bank bag that contained money. Because there was no evidence the appellant knew the bank bag was in the backpack, his demand was for the only bag he could see, that is, the backpack.

The majority holds that, because the appellant demanded only the bag, and did not demand other valuable property or demand that Millan empty his pockets, the jury could have inferred the appellant knew the backpack contained money. And because the appellant knew the backpack contained money, his demand for "the bag" was in actuality a demand for money as alleged in the indictment and jury charge. I disagree.

The majority incorrectly focuses on what was in the backpack, instead the appellant's demand. If the backpack had contained books, food, or hiking supplies, would the appellant's demand for "the bag" have been a demand for money?

Even if the jury could have inferred that the appellant knew the backpack contained something more valuable than Millan's jewelry (if in fact Millan was wearing any jewelry) or money in his pockets or wallet, that inference does not lead to the further inference that the appellant knew the backpack contained money. The fact that the appellant did not demand certain other property does not lead to a reasonable inference that the appellant knew the backpack contained money. Perhaps the appellant intended to demand other property, but before he was able to do so, was frightened by Vasquez blowing his car horn.

Because the State did not object to the jury charge, the State assumed the burden of proving that the appellant intentionally or knowingly threatened or placed Millan in fear of imminent bodily injury or death, by producing a firearm *and demanding money*. *Warren II*, 810 S.W.2d at 204; *Nickerson v. State*, 782 S.W.2d 887, 891–92 (Tex.Crim.App.1990). Because the only verdict authorized in view of the evidence was

"not guilty," the evidence was insufficient as a matter of law. *Warren II*, 810 S.W.2d at 204.

I would sustain the appellant's sole point of error, reverse the judgment, and render a judgment of acquittal.