**David v. MANGHAM, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–91–00361–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 2, 1992.

---

Jules L. Laird, Jr., Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Dist. Atty., Denise Oncken, Asst. Dist. Atty., Houston, for appellee.

---

Before SAM BASS, MIRABAL and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

A jury found the appellant, David V. Mangham, guilty of aggravated robbery. After finding the enhancement paragraph true, the trial court assessed punishment at 20–years confinement. We affirm.

### Fact summary

The complainant, Ariel Marquez, was at the club, El Jalapeno, celebrating with his girlfriend, Julie Garza, on her birthday. They had driven in Marquez's car, a 1985 Camero Z–28. When they left the club, they discovered that Marquez's car was missing from the parking lot. At a grocery store about a half a block away, they called 911 to report that the car was missing. After the call, Garza decided to go back to the club to tell her relatives there what had happened. Marquez waited at the store for the police.

While waiting at the store for the police, Marquez saw his car drive by and pull into a parking lot a couple of blocks away, next to another club, Irene's. Marquez ran down the street and found his car running with the doors open on the parking lot. A lot of people were standing around outside of Irene's, and Marquez saw two men who were saying something to the effect of "look what we got here." Marquez decided to just get into his car and drive away. As he was about to sit down in the driver's seat, the appellant's co-defendant, Ralph Rodgerson, grabbed him on the shoulder and pulled him out of the car. Marquez elaborated:

He just grabbed—grabbed me from my shoulders and just yanked me out of the car, kind of pulled me out of the car.

Marquez told them that the car was his, but the men told him that "this is our car now." The appellant then pulled out a gun and told Marquez to leave. He told Marquez that he had better get his "happy ass" out of there. Marquez began walking away. After a few steps, Marquez heard gunshots and started running. He ran back to the store from where he had called the police.

The police arrived at the store about the same time Marquez got there. Marquez told them what had happened, and accompanied the two officers back to Irene's. When they arrived, the appellant was sitting in the car and his co-defendant was leaning against the open door. Marquez started yelling "that's them, that's them." The two officers arrested the two men, and found a screwdriver on the appellant and a .25–caliber gun on the appellant's co-defendant. The gun contained one spent shell and three live rounds.

### Sufficiency of the evidence

In point of error one, the appellant argues the evidence was insufficient to support a conviction for aggravated robbery as alleged in the indictment and instructed in the jury charge.

In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 27, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989).

Here, the indictment alleged that the appellant:

> while in the course of committing theft of property ... did intentionally and knowingly threaten and place Ariel Marquez in fear of imminent bodily injury and death by *pushing* Ariel Marquez and pointing a deadly weapon, namely a firearm....

(Emphasis added.)

The appellant was convicted on a charge that tracked the language of the indictment:

> Now, if you find from the evidence ... the defendant, David V. Mangham ... acting alone or with Ralph Eric Rodgerson as a party to the offense, as that term is hereinbefore defined, did then

and there unlawfully, while in the course of committing theft of property owned by Ariel Marquez and with intent to obtain or maintain control of the property, intentionally or knowingly threaten or place Ariel Marquez in fear of imminent bodily injury or death by pushing Ariel Marquez, and the defendant did then and there use or exhibit a deadly weapon, to-wit a firearm, then you will find the defendant guilty as charged in the indictment.

The appellant argues the evidence was insufficient to show that he or his co-defendant ever "pushed" Marquez. The appellant contends the evidence only proves that Marquez was either "yanked" or "pulled" from his car, not "pushed." We disagree.

The record reveals the words "pushed," "pulled," and "yanked" were used interchangeably by both the State and the appellant's counsel. Marquez testified that he was trying to get into his car when co-defendant Robinson "just grabbed—grabbed me from my shoulders and just yanked me out of the car, kind of pulled me out of the car."

In addition, Marquez answered the following questions without objection from the appellant:

Prosecutor: What did they do then after the defendant Rodgerson *pushed* you out of the car? What did they do then?

Marquez: Well, one of the guys pulled out a gun from the back of his pants.

. . . .

Prosecutor: That night you were there and [the appellant] pointed the gun at you and the defendant Rodgerson *pushed* you out of your car, did you get a good look at their faces?

Marguez: Yes, I did.

In closing argument, the appellant's counsel stated:

Mr. Marguez said ... he proceeded toward his car and that [the defendants] walked over, also, *pushed* him away, and that's when this altercation took place and one of the defendants pulled a gun.

The appellant contends that the State was required to prove that the complainant was "pushed" because the indictment alleges that the complainant was "pushed." The appellant contends that the State did not satisfy its burden when it proved the complainant was "pulled," "yanked," or "grabbed." For this proposition, the appellant relies on *Warren v. State*, 810 S.W.2d 202 (Tex.Crim.App.1991). We disagree that *Warren* supports the appellant's argument.

In *Warren*, the State charged the defendant with appropriating a list of four items, including a pair of pants. At trial, the State did not prove that the defendant intended to steal the pants. The Court of Criminal Appeals held that the State was required to prove that the defendant intended to steal all four items, including the pants, because it had charged the defendant in the conjunctive. *Warren*, 810 S.W.2d at 203. The court held that when a charge places a higher burden on the State than necessary, the State's failure to object to the charge constitutes an acceptance of the higher burden. *Id.* at 204.

The State did not accept a higher burden of proof when it did not object that the appellant was charged with pushing instead of pulling, yanking, or grabbing. Pushing and pulling, are merely descriptive words that convey the concept of force. The Oxford English Dictionary defines "push" as an "application of force or pressure to move a body away.... Paired with *pull*, esp. to convey the concept of force." The Oxford English Dictionary, vol. XII, p. 892 (2d ed.1989)

It is clear from the record that Marquez was forced from his car. Under these circumstances, we find this force synonymous with the word "push." Thus, the evidence was sufficient to support a finding by a rational trier of fact that the appellant or his co-defendant pushed Marquez.

We overrule the appellant's point of error one.

### Jury trial on punishment

■ In point of error two, the appellant argues he was denied his right to a trial by jury.

Before trial, the appellant filed a motion electing to have the jury assess punishment. Article 37.07(2)(b) of the Texas Code of Criminal Procedure provides:

> [I]f a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however ... where the defendant so elects in writing before the commencement of the voir dire examination of the jury panel, the punishment shall be assessed by the same jury.... If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment.

TEX.CODE CRIM.P.ANN. art. 37.07(2)(b) (Vernon Supp.1992). The appellant contends he never changed his election, thus, his right was violated when the trial court assessed punishment.

In response, the State asserts the appellant changed his election. Although the appellant's actual change of election is not in the record, the State contends it is clearly implicit and that the appellant waived his right.

We agree for four reasons. First, during voir dire the prosecutor stated:

> As the judge indicated, we will be going punishment [sic] to the Court, and it was my understanding that none of you had a problem with sitting in decision on the guilt-innocence of these defendants and not deciding punishment.

Second, neither party voir dired the jury on punishment.

Third, once the verdict on guilt-innocence was announced, the jury was dismissed and the case reset for punishment the next day. Appearing with counsel, the appellant was asked by the trial court if he had anything to say. The appellant responded:

> Yeah, Your Honor, sorry what happened. Lived out my other parole, sorry about this one, beg mercy on the Court, thank you, go light on me.

The trial court assessed punishment at 20 years, out of a possible 99. Without objection, no reversible error is presented.

*Martin v. State,* 452 S.W.2d 481, 482–83 (Tex.Crim.App.1970); TEX.R.APP.P. 52(a).

Although the defendant made the proper written request to have the jury assess punishment, the *Martin* court found the defendant waived his right to have the jury assess punishment. 452 S.W.2d at 483. After the verdict of guilty, the defendant did not object to the discharge of the jurors and no question concerning the right of the trial court to assess punishment was raised during the hearing on punishment. *Id.* at 482.

Fourth, the recitation in the judgment affirmatively reflects that the trial court assessed punishment and states the appellant "previously elected to have punishment assessed by the above shown assessor of punishment." The formal judgment of the trial court carries with it a presumption of regularity and truthfulness. *Breazeale v. State,* 683 S.W.2d 446, 450–51 (Tex. Crim.App.1984).

We overrule the appellant's point of error two and affirm the judgment.