NUMBER 13-01-715-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 

 

ROBERT ALEXANDER TUFT, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 

On appeal from the 252nd District Court 

of Jefferson County, Texas


 

 MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Baird (1)

Opinion by Justice Baird


 Appellant was charged by indictment with the offense of aggravated assault. The indictment also alleged a prior felony
conviction for the purpose of enhancing the range of punishment. A jury convicted appellant of the charged offense. 
Following appellant's plea of true to the enhancement allegation, the trial judge assessed punishment at twenty-five years
confinement in the Texas Department of Criminal Justice--Institutional Division. We affirm.

I. Evidentiary Ruling.

 The first point of error contends the trial judge erred in admitting State's Exhibit 6, a knife which was offered as a weapon
similar to that alleged in the indictment. At trial, defense counsel lodged two objections: (a) defense counsel had not seen the
exhibit; and, (b) the complainant had not been qualified as an expert. Those objections were overruled and the exhibit was
admitted. On appeal, appellant argues the exhibit was inadmissible for the following reasons: (a) failure to lay proper
predicate; (b) failure to give cautionary instruction to the jury; (c) unduly prejudicial; (d) unnecessarily suggestive and
unreliable identification procedure; and, (e) lack of notice. We hold arguments (a) through (d), do not comport with the
objections lodged at trial. Therefore, they are not preserved for our review. Coffey v. State,796 S.W.2d 175, 179 (Tex. Crim.
App.1990) (a point of error that does not comport with the trial objection presents nothing for appellate review).

 However, we hold the first objection lodged at trial may be considered under the lack of notice argument. Therefore, we will
address its merits. Appellant cites us to several cases which hold the State must provide the defendant with notice of the intent
to seek a deadly weapon finding. We certainly agree with that rule of law. Johnson v. State, 784 S.W.2d 413, 414-15 (Tex.
Crim. App. 1990); Luken v. State, 780 S.W.2d 264, 266 (Tex. Crim. App. 1989);Ex parte Patterson, 740 S.W.2d 766, 774
(Tex. Crim. App. 1987), overruled on other grounds, Ex parte Beck, 769 S.W.2d 525, 528 (Tex. Crim. App. 1989). The
instant indictment alleged, in pertinent part:

"[appellant] did then and there intentionally and knowingly and recklessly cause bodily injury to [the complainant]. . . by the
use of a deadly weapon, namely a knife, that in the manner of its use or intended use is capable of causing death and
serious bodily injury, by cutting and stabbing the Complainant with said knife . . . ." (2) 


We hold the italicized portion of the indictment provided appellant sufficient notice that the State would attempt to offer proof
that a deadly weapon, namely a knife, was used during the commission of the alleged offense. Accordingly, the first point of
error is overruled.

II. Comment On Weight Of Evidence.

 As noted above, the indictment alleged the use of a knife "by cutting and stabbing the Complainant." However, the application
paragraph of the jury charge did not include the "and stabbing" allegation. The second point of error contends the failure to
include this allegation is an impermissible comment on the weight of the evidence.

 The State is permitted to plead in the conjunctive and prove in the disjunctive. Lehman v. State, 792 S.W.2d 82, 84 (Tex.
Crim. App. 1990). When the State proves its case in the disjunctive, the trial court should submit the charge in the disjunctive.
Warren v. State, 810 S.W.2d 202, 203 (Tex. Crim. App. 1991); Zanghetti v. State, 618 S.W.2d 383, 387-88 (Tex. Crim.
App. 1981). In the instant case, the indictment properly pled the alleged knife was used "by cutting and stabbing." 
Consequently, it would have been permissible for the trial judge to authorize the jury to convict upon a finding that appellant
used a knife by either "cutting or stabbing." Such an instruction would not have been a comment on the weight of the evidence.

 Furthermore, the omission of the stabbing allegation could only enure to appellant's benefit because the omission served to
reduce appellant's criminal liability. Campbell v. State, 910 S.W.2d 475, 478 (Tex. Crim. App. 1995). Therefore, even if the
omission of the stabbing allegation was error, it was not harmful. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.
1984) (op. on reh'g). Consequently, we overrule the second point of error.

III. Tailoring Culpable Mental States.

 The third point of error contends the trial judge erred by not limiting the definitions of the culpable mental states of
intentionally, knowingly, and recklessly to the result of the offense. Aggravated assault focuses on the result of the actor's
conduct, and therefore, is a "result of conduct" offense. Brooks v. State, 967 S.W.2d 946, 950 (Tex. App.-Austin, 1998, no
pet.);Fuller v. State, 819 S.W.2d 254, 256 (Tex. App.-Austin 1991, pet. ref'd). The State concedes the error. 

 Because there was no objection to these definitions, we must determine whether appellant suffered egregious harm as a result
of the error. Almanza, 686 S.W.2d at 171. Errors which result in egregious harm are those which affect "the very basis of the
case," deprive the defendant of a "valuable right," or "vitally affect a defensive theory." Hutch v. State,922 S.W.2d 166,
170-171 (Tex. Crim. App. 1996). The burden of proof lies with appellant to persuade the reviewing court that he was harmed. 
Abdnor v. State, 871 S.W.2d 726, 732 (Tex. Crim. App. 1994). If he is unable to do so, the error will not result in a reversal
of his conviction. Id.

 Appellant's entire argument related to harm is encompassed in a single paragraph which states:

The Appellant, in light of the record and the charge as a whole, was prejudiced by the Court's charge in that there are no lesser
included offenses in the Jury Charge and the necessary element of intent goes to the result not the conduct, which the Trial
Court makes a comment on by striking out "and Stabbing."



For the following reasons, we hold this argument is insufficient to establish egregious harm. First, the argument fails to cite any
authority, and is therefore inadequately briefed. Tex. R. App. P. 38.1(h) ("Argument. The brief must contain a clear and
concise argument for the contentions made, with appropriate citations to authorities and to the record.") (emphasis added). 
Second, stating "the necessary element of intent goes to the result not the conduct," simply restates the accepted proposition that
the trial judge erred in failing to limit the culpable mental states; it does not speak to the subject of harm. Finally, for the
reasons stated in part II, supra, of this opinion, we reject the argument that the trial judge commented on the weight of the
evidence by striking the "stabbing" allegation from the application paragraph of the court's charge.

 The Hutch Court recognized the following four factors for consideration when conducting an Almanza harm analysis: 1) the
charge itself; 2) the state of the evidence including contested issues and the weight of the probative evidence; 3) arguments of
counsel; and, 4) any other relevant information revealed by the record of the trial as a whole. Hutch, 922 S.W.2d at 171. 
When these factors are considered in the instant case, we hold the error stemming from the failure to limit the culpable mental
states was not sufficient to affect "the very basis of the case," deprive the defendant of a "valuable right," or "vitally affect a
defensive theory." Id. Accordingly, the third point of error is overruled.

IV. Fatal Variance.

 The fourth point of error contends there is a fatal variance between the allegation in the indictment and the evidence at trial. 
The fatal variance doctrine stands for the proposition that a variance between the indictment and the evidence at trial may be
fatal to a conviction because due process guarantees the defendant notice of the charges against him. Stevens v. State,891
S.W.2d 649, 650 (Tex. Crim. App. 1995). A variance between the indictment and the evidence presented at trial is fatal only if
it is material and prejudices a defendant's substantial rights. Golihar v. State, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). 
Substantial rights are prejudiced if the variance either failed to sufficiently inform the defendant of the charges in order to allow
him an opportunity to prepare a defense, or would allow a second prosecution of the same crime. Id.

 In the instant case, appellant argues a variance exists because the indictment alleged "stabbing" but the proof did not support
that allegation. We agree with the proposition that the evidence offered at trial does not prove stabbing. However, as noted in
part II, supra, of this opinion, the indictment alleged another means of using the knife, namely, by cutting the complainant. 
The trial evidence supports that allegation. Since appellant was apprized of that means of using the knife, he had notice that the
State would offer proof in support of that allegation. And since the stabbing allegation was not contained in the charge, the jury
was not authorized to convict appellant under that theory of prosecution. Since there is no possibility that appellant was
convicted under a theory of prosecution not proven at trial, there is no fatal variance in the instant case. (3) Accordingly, the
fourth point of error is overruled.

V. Effective Assistance Of Counsel.

 The fifth and final point of error contends appellant was denied the effective assistance of counsel during the entire trial. We
reject this point of error for two reasons. First, the point is inadequately briefed. After citing decisional authority to establish
the very basic rules of law dealing with an ineffective assistance of counsel claim, appellant raises seven separate instances of
alleged deficient conduct. Appellant then states:

Due to Trial Counsels (sic) lack of trial technique, lack of plausible line of defense, failure to make proper objections and based
upon the "totality of the representation" Appellant should be entitled to a new trial.



The failure to cite any authority as to why any one of the seven instances of conduct was deficient does not comport with the
requirements of Texas Rule of Appellate Procedure 38.1(h). See part III, supra.

 Second, the standard of review for evaluating claims of ineffective assistance of counsel is set forth in Strickland v.
Washington, 466 U.S. 668, 687 (1984). Appellant must show (1) counsel's performance was so deficient that he was not
functioning as acceptable counsel under the Sixth Amendment, and (2) but for counsel's error, the result of the proceedings
would have been different. Id. The defendant bears the burden of proving ineffective assistance of counsel. Gamble v. State,
916 S.W.2d 92, 93 (Tex. App.-Houston [1st Dist.] 1996, no pet.). To carry this burden, the defendant must overcome the
presumption that the challenged action(s) might be considered sound trial strategy. Id. A claim of ineffective assistance of
counsel must be firmly supported by the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). An
appellate court will not make a finding of ineffectiveness based on speculation. Gamble, 916 S.W.2d at 93.

 In the instant case, the following exchange occurred at the sentencing phase:

 THE COURT: [Appellant], comments you'd like to make?



 APPELLANT: Your Honor, I feel my attorney didn't object enough during the trial. I'd like to request a motion for a new
trial or another attorney. Is there any way -



 THE COURT; Can't be a motion for new trial until after I decide the punishment. Then once I decide the punishment, you
can give notice of appeal; and the new attorney that we appoint or that you hire can go through that procedure.



 APPELLANT: Yes, sir, I'd like to. There's several issues I'd like to bring and try to get on the record. Can I do that with a
motion for new trial?



 THE COURT: Just depends on what's in the motion for new trial. I'll have to take a look at it whenever the lawyer files it. I
suggest you let me get you a lawyer.



 APPELLANT: That's what I'm requesting today.



 THE COURT: It's too early today. I haven't decided anything.



 APPELLANT: Well, how do I request that?



 THE COURT: Once I decide the punishment, then [defense counsel], if you request, will file a notice of appeal and then I'll
appoint another attorney and that attorney can process the appeal and also can file a motion for new trial.



 APPELLANT: Yes, sir.



 THE COURT: Is that what you want to do?



 APPELLANT: Yes, sir.



 [Appellant sentenced]



 THE COURT: [referring to defense counsel] And you have a duty to file a notice of appeal for [appellant].



 DEFENSE COUNSEL: I'll do that today.



 THE COURT: And we'll get you started with an attorney on appeal.



The record reflects that trial counsel filed notice of appeal on the date of sentencing. The following day, appellant filed a pro se
motion for new trial alleging ineffective assistance of counsel. However, the trial judge did not conduct a hearing or otherwise
rule on that motion. As a result, the record is silent as to trial counsel's strategy for conducting the trial as he did. Gamble, 916
S.W.2d at 93. To find trial counsel ineffective under these circumstances would call for speculation, which we will not do. 
Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Because the basis for appellant's ineffective assistance of
counsel contentions are not found in the appellate record, we must reject them at this time. (4) Accordingly, we overrule the fifth
point of error.

 The judgment of the trial court is affirmed.

 

CHARLES F. BAIRD

Justice





Do Not Publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed this

the 15th day of May, 2003.

1. Former Court of Criminal Appeals Judge Charles F. Baird assigned to this Court by the Chief Justice of the Supreme Court
of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. All emphasis supplied unless otherwise indicated.

3. In the instant case, a fatal variance would have occurred if the indictment had notalleged cutting, the trial evidence proved
cutting, and the trial judge permitted the jury to convict upon a finding that the knife was used to cut the complainant.

4. This holding will not prevent appellant from raising these claims in an application for writ of habeas corpus, should he
choose to pursue that avenue of relief. Ex parte Varelas, 45 S.W.3d 627, 629-30 (Tex. Crim. App. 2001).