Affirmed and Memorandum Opinion filed September 17, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00219-CR

_______________

 

ALFRED NETTER, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

 

On Appeal from the 178th District Court

Harris County, Texas

Trial Court Cause No. 1081268 

 

M E M O R A N D U M   O P I N I O N

Appellant, Alfred Netter, was convicted of aggravated robbery
with a deadly weapon.  In four issues, appellant argues that the evidence
presented at trial was both legally and factually insufficient to support the
conviction, and that he received ineffective assistance of counsel during the
punishment phase of trial.  Finding no reversible error by the trial court, we
affirm.  

 








Background

At trial, the jury heard the following evidence.  On April 8,
2006, appellant and Julian Richardson were selling crack cocaine on the street
outside of Richardson=s apartment when they saw the complainant, Andrew Morris,
drive past them in a white Toyota.  Morris pulled into a nearby parking lot and
asked them if they were interested in buying drugs.  Appellant and Richardson
indicated that they were not interested but agreed to contact Morris if they
changed their minds.  

After Morris drove away, appellant and Richardson decided to
tell Morris they wanted to buy drugs, as a ruse to rob Morris when he
returned.  In preparation for the robbery, appellant and Richardson each
retrieved a gun from Richardson=s apartment.  Appellant carried a pistol loaded with
.25-caliber ammunition, and Richardson carried one loaded with .38-caliber
ammunition.  Then, they contacted Morris and told him they wanted to buy two
pounds of marijuana, two ounces of cocaine, and two ounces of crack cocaine. 

Morris returned to Richardson=s apartment around 11:00 p.m. driving
the same white Toyota.  Raneisha Hollinshed-Fort, the owner of the Toyota, was
in the front passenger seat.  Appellant sat in the back seat behind Morris, and
Richardson sat behind Hollinshed-Fort.  Appellant and Richardson instructed
Morris to drive to the apartment complex where they had left appellant=s Cadillac earlier that evening. 
When Morris parked the Toyota near appellant=s Cadillac, appellant began to fire
his weapon toward Morris, and Richardson fired his toward Hollinshed-Fort. 
Morris suffered five gun shot wounds to the head and neck and died at the
scene.  Hollinshed-Fort survived five gun shots to her back and shoulder.

After shooting the complainants, appellant got out of the
Toyota and started his Cadillac while Richardson took money and a cellular
phone out of Morris=s pockets.  Richardson left the scene in appellant=s Cadillac, and appellant drove the
Toyota to a house he shared with his mother. 








Appellant and Richardson removed several items from the
Toyota, including speakers, a case full of C.D.=s, and a cellular phone.  They put
the speakers and the C.D.=s inside appellant=s house and cleaned out the car with
peroxide, ammonia, and bleach.  Around 4:00 a.m., appellant and Richardson both
went to sleep at appellant=s house.

When they awoke around 8:00 a.m., appellant drove the Toyota
to a nearby apartment complex.  He wore gloves to avoid leaving fingerprints
behind.  Richardson followed him in the Cadillac.  Residents of the apartment
complex reported the Toyota to police when they noticed blood in the vehicle.

On May 1, 2006, Crime Stoppers received an anonymous call
suggesting that Richardson may have been involved in the robbery and murder of
Morris.  On May 22, 2006, Officer Jeffery Adams of the Houston Police
Department arrested Richardson on unrelated warrants.  While in custody,
Richardson denied any involvement in the robbery and murder of Morris, but he
told police that appellant may have been involved.

After further investigation, police obtained a warrant for
Richardson=s arrest for the robbery and murder of Morris.  When Richardson learned
that Hollinshed-Fort had identified him as one of the perpetrators of the
offense, he confessed his involvement and informed police that some of the
items taken from the Toyota could be found at appellant=s home.  With consent from appellant=s mother, police searched the home on
August 21, 2006.  During that search, police discovered blue latex gloves,
.25-caliber ammunition, .38-caliber ammunition, and the speakers that were
taken from the Toyota.  








Richardson was indicted for capital murder, but he opted for
a plea agreement; he pleaded Aguilty@ to aggravated robbery and accepted a fifty-year sentence. 
In exchange, he agreed to testify against appellant.  Appellant was also
indicted for capital murder, but the jury instead convicted him of aggravated
robbery with a deadly weapon, a lesser-included offense.  Appellant was
sentenced to sixty years= imprisonment.  On appeal, appellant challenges the legal and
factual sufficiency of the evidence supporting his conviction.  He also claims
that he received ineffective assistance of counsel during the punishment phase.

Analysis

A.  Accomplice Testimony

In his first and second issues, appellant challenges the
sufficiency of the evidence presented at trial.  During the guilt phase of
appellant=s trial, his alleged accomplice, Richardson, testified at length
regarding appellant=s involvement in planning and executing the offense.  As a
part of his legal and factual sufficiency challenge, appellant argues that
there is insufficient evidence establishing his participation in the commission
of the offense apart from Richardson=s testimony, which he contends was
not credible. 

The Texas Code of Criminal Procedure requires that accomplice
testimony be Acorroborated by other evidence tending to connect the defendant with the
offense committed.@  Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 2005). 
Although appellant casts his challenges to the evidence as governed by general
legal and factual sufficiency standards, a challenge of insufficient
corroboration of accomplice testimony is reviewed under a different test.[1] 
Yost v. State, 222 S.W.3d 865, 871 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d).  








To determine whether sufficient corroboration exists, we
eliminate the accomplice witness=s testimony from consideration and
then determine whether any of the remaining evidence tends to connect the
accused with the commission of the crime.  Id. at 872.  The
non-accomplice evidence need not establish guilt beyond a reasonable doubt, nor
must it directly link the accused to the commission of the offense.  See id. 
Rather, the rule is satisfied if there is some non-accomplice evidence that
tends to connect the accused to the commission of the offense alleged in the
indictment.  Id.  In analyzing a challenge to the sufficiency of
corroborative evidence, we view the evidence in the light most favorable to the
jury=s verdict and determine whether a
reasonable jury could conclude that the non-accomplice testimony, taken as a
whole, tends to connect the appellant to the offense.  See Gill v. State,
873 S.W.2d 45, 48 (Tex. Crim. App. 1994).  

Contrary to appellant=s contention, the State offered
substantial corroborative evidence that satisfies the requirements of Article
38.14.  See Tex. Code Crim. Proc. Ann. art. 38.14.  That evidence
includes the following:  Hollinshed-Fort testified that she saw a vehicle
matching the description of appellant=s blue Cadillac at the scene of the
robbery.  She also identified speakers found by police at appellant=s home as those that were taken out
of her Toyota.  Police located .25 and .38-caliber ammunition during their
search of appellant=s home, which is the same caliber of ammunition used in the
shooting.  Richardson=s sister testified that she saw appellant and Richardson in
Morris=s car with him the evening of the
shooting.  She also testified that she found Hollinshed-Fort=s C.D.=s at her apartment and saw appellant
in possession of Morris=s cellular phone.  In short, the evidence clearly connects
appellant to the commission of the offense.  Accordingly, we hold that the
evidence sufficiently corroborates the accomplice testimony. 

B.  Legal and Factual Sufficiency 

Appellant also challenges the legal and factual sufficiency
of the evidence to support his conviction for aggravated robbery.  The
standards of review for legal and factual sufficiency are well-known.  In
evaluating a legal sufficiency claim attacking a jury=s finding of guilt, we must view the
evidence in the light most favorable to the verdict.  Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000).  Our review is limited only to
whether a rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt.  Cardenas v. State, 30 S.W.3d
384, 389 (Tex. Crim. App. 2000).  








When conducting a factual sufficiency review, we review the evidence in a
neutral light.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App.
2006).  We determine (1) whether the evidence introduced to support the verdict
is Aso weak@ that the fact finder=s verdict seems Aclearly wrong and manifestly unjust,@ or (2) whether, considering conflicting
evidence, the fact finder=s verdict is nevertheless against the great weight and
preponderance of the evidence.  Id. at 414B15. 

A person commits the offense of aggravated robbery if, in the course of
committing theft and with intent to obtain or to maintain control of the
property, he intentionally, knowingly, or recklessly causes bodily injury to
another and uses or exhibits a deadly weapon.  Tex. Penal Code Ann. '' 29.02(a)(2), 29.03(a)(2) (Vernon
2003).  A deadly weapon is defined as: (A) a firearm or anything manifestly
designed, made, or adapted for the purpose of inflicting death or serious
bodily injury; or (B) anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury.  Tex. Penal Code Ann. ' 1.07(a)(17) (Vernon Supp. 2008).

Generally, appellant challenges the sufficiency of evidence establishing
his identity as one of the perpetrators of the crime.  To support this
argument, he notes that (1) Hollinshed-Fort, the surviving complainant, was
unable to positively identify him as one of the perpetrators, and (2) the State
did not present any forensic evidence establishing appellant=s presence at the scene, such as
fingerprint, footprint, or DNA evidence.[2] 
Thus, he contends the State did not introduce sufficient evidence to prove his
identity.  








Certainly, the State must prove beyond a reasonable doubt that the party
charged with an offense actually committed or participated in the commission of
that offense.  See Johnson v. State, 673 S.W.2d 190, 196 (Tex. Crim.
App. 1984) (quoting Phillips v. State, 297 S.W.2d 134, 135 (Tex. Crim.
App. 1957)).  Identity may be proven by direct evidence, circumstantial
evidence, or even inferences.  Roberson v. State, 16 S.W.3d 156, 167
(Tex. App.CAustin 2000, pet. ref=d).  The sufficiency of the evidence is determined from the
cumulative effect of all the evidence; each fact, considered in isolation, need
not establish the guilt of the accused.  See Alexander v. State, 740
S.W.2d 749, 758 (Tex. Crim. App. 1987) (quoting Carlsen v. State, 654
S.W.2d 444, 447 (Tex. Crim. App. 1983)).  

Appellant=s argument points only to evidence the State did not
present to establish his identity, and overlooks all of the evidence the State did
present connecting him to the crime.  First, the State introduced
sufficiently corroborated testimony of the accomplice, Richardson, indicating
that appellant fully participated in the robbery and actually fired the shots
that struck and killed Morris.  There was also evidence showing that appellant
was in  possession of items stolen during the robbery.  See Poncio v. State,
185 S.W.3d 904, 905 (Tex. Crim. App. 2006) (holding that unexplained possession
of recently stolen property permits inference that defendant committed the
offense in which the property was stolen).  Appellant was also found in
possession of the same caliber ammunition that was used in the offense. 
Finally, according to other witnesses, appellant was in a car with Morris the
night of his death and appellant=s blue Cadillac was parked at the
scene of the robbery.

In response to appellant=s specific arguments, eyewitness identification of the
perpetrator is unnecessary, as long as other evidence establishes guilt for the
offense.  See Greene v. State, 124 S.W.3d 789, 792 (Tex. App.CHouston [1st Dist.] 2003, pet. ref=d).  Similarly, legally and factually
sufficient evidence does not necessarily require the admission of physical
evidence, such as fingerprints and DNA evidence.  See Harmon v. State,
167 S.W.3d 610, 614 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  We conclude that a rational jury
could have found appellant guilty of aggravated robbery without such physical
evidence.  See id.  Therefore, after reviewing all of the evidence, we
hold the evidence is both legally and factually sufficient to establish
appellant=s guilt beyond a reasonable doubt.  We overrule appellant=s first and second issues.

 








C. 
Ineffective Assistance of Counsel

In his third and fourth issues, appellant claims he was denied effective
assistance of counsel during the punishment phase of trial.  He argues that
counsel was ineffective because he failed to file a motion electing to have the
jury assess punishment.[3]  Thus,
appellant claims that the trial court erred in denying his motion for new trial
premised upon this argument.

We review claims of ineffective assistance of counsel under the familiar
standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). 
Under Strickland, an appellant must establish that (1) his trial counsel=s representation was deficient; and
(2) the deficient performance was so serious that it deprived the appellant of
a fair trial.  Id. at 687.  To satisfy this test, appellant must prove
by a preponderance of the evidence that counsel=s representation fell below the
objective standard of prevailing professional norms; and that there is a
reasonable probability that, but for counsel=s deficiency, the result of the
proceeding would have been different.  Id. at 690B94.  A reasonable probability is one
sufficient to undermine confidence in the outcome of the trial.  Id. at
694; Ex parte Ellis, 233 S.W.3d 324, 330B31 (Tex. Crim. App. 2007).  When, as
here, a defendant asserts ineffective assistance of counsel in a motion for new
trial, we review the trial court=s denial of the motion for abuse of
discretion. Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004),
superseded in part on other grounds by Tex. R. App. P. 21.8(b), as
recognized in State v. Herndon, 215 S.W.3d 901, 905 n.5 (Tex. Crim. App.
2007).

After the jury returned its verdict finding appellant guilty of
aggravated robbery, the trial judge instructed the jury to return later for the
punishment phase of the trial.  At that point, the State notified the court
that an election for jury punishment had not been filed.  The trial judge asked
defense counsel if appellant wanted the court to assess punishment.  Initially,
counsel responded that, although no election was filed, appellant would prefer
to have the jury assess punishment. 








Following an off-the-record discussion, defense counsel conferred with
his client, and appellant specifically requested that the court assess his
punishment.  Accordingly, the trial court announced that it would assess
appellant=s punishment and discharged the jury.  The court sentenced appellant to
sixty years= confinement.

Appellant filed a motion for new trial, asserting that he received
ineffective assistance of counsel.  This contention is based on his attorney=s failure to file an election of jury
punishment.  At the hearing on the motion, appellant testified that he would
have elected jury punishment had he known it was his option.  Appellant=s trial counsel acknowledged that the
omission in failing to file the election was a Amistake.@  However, he also testified that (1)
the trial judge gave appellant the opportunity to elect jury punishment despite
counsel=s failure to file a written election,
and (2) the jury was available to assess punishment, if requested, but that (3)
appellant declined the trial court=s invitation. 

Counsel also testified that he had advised appellant to request
sentencing by the court because it was likely that the jury would assess
harsher punishment.  According to his counsel=s testimony, the appellant  agreed,
and opted for the court to assess punishment at that time.  In denying the
motion for new trial, the trial judge noted that appellant was given  an
opportunity to elect jury sentencing and correct any earlier failure to file an
election.  The court found that he voluntarily elected to proceed with the
punishment phase tried to the court. 

Absent a showing of both counsel=s deficient performance and resulting
prejudice, we cannot conclude that a defendant=s conviction resulted from a
breakdown in the adversarial process that renders the result unreliable.  Andrews
v. State, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005) (citing Strickland,
466 U.S. at 687).  If an appellant fails to meet the element of prejudice, the
reviewing court need not address the question of counsel=s performance.  Hagens v. State,
979 S.W.2d 788, 793 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d). 








Assuming without deciding that counsel=s failure to file an election for
jury punishment fell below the objective standard of prevailing professional
norms, appellant cannot demonstrate that the result would have been different
absent counsel=s deficiency.  Despite counsel=s failure to file the election,
appellant was given the opportunity to elect jury punishment before the jury
was discharged.  Instead, he requested that the trial court assess his
punishment.  Thus, appellant himself waived his right to have the jury assess
punishment.  See Martin v. State, 452 S.W.2d 481, 482B83 (Tex. Crim. App. 1970); Mangham
v. State, 833 S.W.2d 705, 708 (Tex. App.CHouston [1st Dist.] 1992, no pet.).  

Furthermore, the trial court assessed a sentence that is within the range
of punishment for aggravated robbery[4] and is
consistent with the egregious facts of the case.  See Tex. Penal Code
Ann. ' 12.32 (Vernon 2003).  We certainly
cannot speculate that a jury might have assessed a lesser sentence.  See
Ross v. State, 180 S.W.3d 172, 177 (Tex. App.CTyler 2005, pet. ref=d); Schaired v. State, 786
S.W.2d 497, 499 (Tex. App.CHouston [1st Dist.] 1990, no pet.). Thus, appellant has
failed to meet the second prong of the Strickland test.  See
Strickland, 466 U.S. at 687.  The trial court did not abuse its discretion
when it denied appellant=s motion for new trial.  Appellant=s third and fourth issues are
overruled.

Conclusion

Accordingly, the judgment of the trial court is affirmed.

 

 

 

/s/        Kent C. Sullivan

Justice

 

Panel
consists of Justices Seymore, Brown, and Sullivan.

Do Not
Publish C Tex.
R. App. P. 47.2(b).









[1]           Sufficiency review of accomplice-witness
testimony is legislatively imposed, and constitutional legal and factual
sufficiency standards do not apply.  Cathey v. State, 992 S.W.2d 460,
462B63 (Tex. Crim. App. 1999).  





[2]           Appellant also argues that police
discovered some evidence during the course of the investigation indicating 
that other individuals may have committed the robbery.  Although others were
initially investigated, Sergeant John Parker testified that they were
ultimately excluded as suspects.





[3]           To have the jury assess punishment, a
defendant must file a written election of punishment prior to voir dire.  See
Tex. Code Crim. Proc. Ann. art. 37.07  2(b)(2) (Vernon Supp. 2008).  





[4]           AAn individual adjudged guilty of a felony of the first degree
shall be punished by imprisonment in the institutional division for life or for
any term of not more than 99 years or less than 5 years.@  Tex. Penal Code Ann.
' 12.32 (Vernon 2003).  Aggravated robbery is a
first-degree felony.  See Tex. Penal Code Ann. ' 29.03(b) (Vernon 2003).