Domitillo H. MORENO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01138–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 9, 1993.

Stanley C. Kirk, Houston, for appellant.

John B. Holmes, Mary Lou Keel, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and WILSON and O'CONNOR, JJ.

**OPINION**

O'CONNOR, Justice.

The appellant, Domitillo H. Moreno, was convicted of attempted aggravated sexual assault of a child and sentenced to 75 years in prison (two prior felonies). We affirm.

## Fact summary

A jury found the appellant had attempted to sexually assault E.M.R.,[1] his 11–year–old niece, in April 1992. The girl testified the appellant told her to take off her clothes, that he wanted to have sex with her. When she refused, he slapped her face, punched the wall and threatened to punch her face. When she tried to get away, he pushed her on the bed, and in an effort to stifle her screams, he stuffed a rag in her mouth. She was able to remove it and screamed for help. The appellant left, and the girl ran out of the house.

The appellant has prior convictions for theft and burglary with intent to commit theft.

## Sufficiency of the evidence

In his three points of error, the appellant challenges the sufficiency of the evidence to sustain his conviction. He argues that to find him guilty of attempted aggravated sexual assault the jury charge and indictment required a finding that the appellant threw the complainant down on the bed *and* lay on top of her. He states there is no evidence he lay on top of the complainant. The State contends it did not have to prove it.

In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex. Crim.App.1989); *Glass v. State,* 761 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1988, no pet.). It is irrelevant whether the reviewing court believes the evidence or that it is "outweighed" by the opposing side's evidence; if there is any evidence that could establish guilt beyond a reasonable doubt, the conviction will not be reversed. *Glass,* 761 S.W.2d at 807.

In point of error one, the appellant contends there was no evidence to sustain the appellant's conviction. In point of error two,

the appellant argues the evidence presented at trial was insufficient to sustain the appellant's conviction. In point of error three, the appellant maintains the allegations in the indictment are not supported by the evidence. As the analysis is the same, we address these points together.

The indictment states the appellant did: intentionally, with the specific intent to commit the offense of aggravated sexual assault of [E.M.R.], hereafter styled the Complainant, a person younger than fourteen years of age, do an act, to wit: by *demanding Complainant take off her clothes, throwing her down and laying on top of her,* which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended.

The charge to the jury states:

Now, if you believe from the evidence beyond a reasonable doubt that on or about the 15th day of April, 1992, in Harris County, Texas, the defendant, [E.M.R.], did then and there unlawfully intentionally, with the specific intent to commit the offense of aggravated sexual assault of [E.M.R.], a person younger than fourteen years of age, do an act, to wit: by **demanding [E.M.R.] take off her clothes, throwing her down and laying on top of her,** which amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended, then you will find the defendant guilty as charged in the indictment. (Emphasis added.)

The prosecutor objected to the charge and requested that the court amend it to read, "by demanding [E.M.R.] take off her clothes **and** throwing her down **or** laying on top of her." The court denied the State's requested amendment.

■■■ The State is permitted to plead in the conjunctive and prove in the disjunctive. *Lehman v. State,* 792 S.W.2d 82, 84 (Tex. Crim.App.1990). When the State proves its case in the disjunctive, the trial court should

1. Throughout this opinion we refer to the complainant by initials or as complainant because she is a minor.

submit the charge in the disjunctive. *Warren v. State*, 810 S.W.2d 202, 203 (Tex.Crim. App.1991) (even though the indictment alleged the defendant appropriated the property in the conjunctive, the charge should have been submitted in the disjunctive because of insufficient proof on one item of property).

In this case, the State plead in the conjunctive (that the defendant threw E.M.R. down **and** lay on top of her), and proved only in the disjunctive (that the defendant threw E.M.R. down, **not** that he lay on top of her). The charge should have been submitted in the disjunctive.

On appeal, the issue is whether the State proved the allegations in the indictment as set forth in the court's charge. *Warren*, 810 S.W.2d at 203. When the State does not object to a jury charge that increases its burden, we measure the sufficiency of the evidence against the charge as it was submitted. *Id.* at 204; *Fee v. State*, 841 S.W.2d 392, 396 (Tex.Crim.App.1992);[2] *Ortega v. State*, 668 S.W.2d 701, 704 (Tex.Crim. App.1983);[3] *Stephens v. State*, 717 S.W.2d 338, 341 (Tex.Crim.App.1986).[4] Here, the State did object to the submission of the allegations in the conjunctive and is thus held to the standard of proof required by law. *Cf. Ortega*, 668 S.W.2d at 704–705, n. 10, 707; *Fee*, 841 S.W.2d at 396; *Warren*, 810 S.W.2d at 204.

A person commits attempted sexual assault if, with the intent to commit sexual assault, "he does an act amounting to more than mere preparation that tends, but fails, to effect the commission" of sexual assault.

Tex.Penal Code Ann. § 15.01(a) (Vernon Supp.1993). A person commits aggravated sexual assault if he intentionally or knowingly "causes the penetration of the anus or female sexual organ of a child by any means." Tex.Penal Code Ann. § 22.021(a) (Vernon 1989). The offense is aggravated if the victim is younger than 14 years of age. Tex.Penal Code Ann. § 22.021(a)(2)(b).

Here, the offense was aggravated because the victim was only 11 years old at the time. The appellant admits he told the girl to take her clothes off, that they were going to have sex. He slapped her, then punched the wall and told her he would punch her face if she did not obey. He then pushed her on the bed and stuffed a rag in her mouth to stifle her screams.

There was no fondling or touching of the victim, but the appellant threatened her, punched the wall, pushed her on the bed and put a rag in her mouth. The fact that the appellant left before completing the act does not negate the appellant's intent. *Lindsey v. State*, 764 S.W.2d 376, 379 (Tex.App.—Texarkana 1989, no pet.).

There was sufficient evidence to show the appellant had an intent to commit aggravated sexual assault and that his actions went beyond mere preparation. We overrule points of error one, two, and three.

2. In *Fee,* the Court of Criminal Appeals held the indictment and jury charge required the State to prove that all seven men named conspired to commit and did commit theft with the intent to engage in organized criminal activity. Although the organized criminal activity statute does not require conviction of all members of the combination to convict any one of them, the Court held that as the State did not object to a jury charge it must prove what is stated in the charge.

3. In *Ortega,* the Court of Criminal Appeals held the State was bound to prove an intent to obtain property and services in credit card abuse as stated in the jury charge, even though the statute required proof of only one. "... [I]f the prosecutor believes that portion of the charge unnecessarily increases his burden of proof, it behooves

him specially to request a charge which correctly allocates the burden placed on him by law." *Ortega,* 668 S.W.2d at 705, n. 10.

4. In *Stephens,* the Court of Criminal Appeals held the State did not request a charge that followed the elements of aggravated rape set out in the statute and was therefore held to the higher burden as set out in the charge. On appeal, the State argued the evidence was sufficient to convict under the statute. The Court, finding the State did not object to the charge as given, held the State was not entitled to try the appellant again for the same offense. *Stephens,* 717 S.W.2d at 341. "The time for the State to claim error in the charge was before that charge was given to the jury, not now for the first time on appeal." *Id.*