Steven SELVOG, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–94–00208–CR.

Court of Appeals of Texas,
Texarkana.

Submitted March 21, 1995.

Decided March 27, 1995.

Jeff Fletcher, Texarkana.

Earl R. Waddell, III, Fort Worth.

Leisa Pearlman, Asst. Dist. Atty., Texarkana, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

CORNELIUS, Chief Justice.

## OPINION

A jury convicted Steven Selvog of aggravated sexual assault and set his punishment at sixty years' confinement. On appeal Selvog contends that the evidence is legally and factualy insufficient to support the judgment. We affirm the judgment.

Early in the morning of June 2, 1992, Louise Smith[1] left her home in Bowie County and walked to a nearby convenience store after an argument with her boyfriend. She then caught à ride to a restaurant. She left the restaurant and caught another ride to the junction of Interstate 30 and U.S. 59. She then began walking south on the median to return to her home. A man approached her and asked her if she needed a ride. Saying he was a wrecker driver, he asked her if her car had broken down. She said the man wore a uniform with brown pants and a tan shirt. The shirt had one patch that said "Pratt's" and another that said "Steve."

Smith said the man told her his truck was nearby. Thinking that the man was leading her to his truck, Smith followed him into a grove near the highway. When she discovered he had no truck nearby, she tried to walk away. He grabbed her. He told her not to fight or he would kill her. He had his hands around her neck when he uttered the threat. He threw her to the ground and began to remove her pants. Smith began to cry. She asked him to stop, saying, falsely, that she was pregnant. She asked him not to hurt her or her baby. He said, "I ain't hurting

---

1. The complainant testified under a pseudonym pursuant to TEX.CODE CRIM.PROC.ANN. art. 57.01 et seq. (Vernon Supp.1995).

you if you will just be quiet, ma'am." He then twisted Smith's necklace around her neck. He put his hand over her mouth and had sexual intercourse with her. Afterwards, he left her in the grove. She later identified Selvog in a photo spread as the man who assaulted her.

Selvog contends that the evidence is legally and factually insufficient to establish that he threatened by acts and words to cause death and serious bodily injury to Smith and that such acts and words placed her in fear of imminent serious bodily injury and death.

■■■ In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). Legal sufficiency is a question of law. The issue on appeal is not whether this court believes the State's evidence or believes that the defense evidence outweighs the State's evidence. *See Wicker v. State,* 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied,* 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If some evidence establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we may not reverse the judgment on legal insufficiency grounds. The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). A jury may believe or disbelieve all or any part of a witness's testimony. *Id.*

■■■ In reviewing the factual sufficiency of the evidence, we consider all the relevant evidence and determine whether the judgment is so against the great weight and preponderance of the evidence as to be mani-

festly unjust. *See Meraz v. State,* 785 S.W.2d 146, 155 (Tex.Crim.App.1990).

The indictment alleges that Selvog had sexual relations with Smith by compelling her to submit by using physical force and violence against her, and by threatening to use force and violence against her and that she believed he would carry out his threat. The indictment further alleges that Selvog by acts *and* words placed Smith in fear that he would imminently inflict death *and* serious bodily injury on her *and* that he, by acts *and* words threatened to cause her death *and* serious bodily injury. The jury charge tracked the indictment, also charging in the conjunctive.

■■■ The State acknowledges that it must prove that Selvog threatened to kill *and* cause serious bodily injury to Smith by words *and* by acts, *and* that it must prove those acts *and* words placed Smith in fear of imminent death *and* serious bodily injury.[2]

■■■ The evidence shows that Selvog threatened to kill Smith if she did not cooperate. He put his hands around her throat and threw her to the ground. He twisted her own necklace around her throat while placing another hand over her mouth.

Selvog argues that, although he threatened to kill Smith, he did not threaten serious bodily injury. He also argues that his statement after the death threat, "I ain't hurting you if you will just be quiet, ma'am," amounted to a retraction of the threat, and that the thin gold chain he twisted around Smith's neck did not amount to a threat of death or serious bodily injury.

■■■ A threat to kill someone includes a threat of serious bodily injury. When one is threatened with violent death, one is also threatened with serious bodily injury. *See Honea v. State,* 585 S.W.2d 681, 684 (Tex. Crim.App. [Panel Op.] 1979); TEX. PENAL

---

2. Texas law allows the indictment to charge the defendant in the conjunctive and the court to charge the jury in the disjunctive. *Zanghetti v. State,* 618 S.W.2d 383, 387–88 (Tex.Crim.App. [Panel Op.] 1981). Here, however, both the indictment and the jury charge are in the conjunctive. On appeal, the issue is whether the State

proved the allegations in the jury charge. *Moreno v. State,* 872 S.W.2d 1, 3 (Tex.App.—Houston [1st Dist.] 1993, no pet.). When the State does not object to a jury charge that increases its burden, an appellate court measures the sufficiency of the evidence against the charge as submitted. *Id.*

CODE ANN. § 1.07(a)(7)[3] ("bodily injury" means physical pain or any impairment) and § 1.07(a)(34)[4] ("serious bodily injury" means "bodily injury" that causes death). Thus, proof of the death threat also proves the threat of serious bodily injury.

Considered in context, the act of twisting a chain, even a small one, around the victim's neck while threatening to kill her can certainly amount to an act threatening death and serious bodily injury. Selvog's alleged retraction of his threats may rather be seen as a reiteration of them, i.e., that he would carry them out if she did not submit.

The evidence is legally and factually sufficient to show that Selvog verbally threatened to seriously injure and kill Smith *and* that by putting his hands on her throat, throwing her to the ground, and twisting the chain around her neck, his acts also constituted a threat of serious bodily injury and death.

■ The State also must prove that Selvog's acts *and* words placed Smith in fear of imminent death *and* serious bodily injury. The jurors can convict Selvog if they find that his overall conduct, viewed in the totality of the circumstances, placed Smith in fear of death and serious bodily injury. *Lindsey v. State*, 672 S.W.2d 892, 894–95 (Tex.App.—Dallas 1984), *aff'd*, 760 S.W.2d 649 (Tex.Crim. App.1988).

■ Some appellate courts have called for an objective measure of fear. *Kowey v. State*, 751 S.W.2d 587, 591 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd); *Douglas v. State*, 740 S.W.2d 890, 891–92 (Tex.App.—El Paso 1987, no pet.); *Dacquisto v. State*, 721 S.W.2d 603, 604 (Tex.App.—Amarillo 1986, pet. ref'd). Under this standard, the jurors must first decide, on the basis of the Smith's testimony, whether the element of fear required by the code existed. *Douglas v. State*, *supra*. They then must examine Selvog's actions to determine whether his actions could in fact cause such fear. *Id.* Finally, the jurors must determine if Smith's

actual state of fear was reasonable in light of Selvog's conduct. *Id.*

During direct examination, the State asked Smith:

Q. Why did you let it happen?
A. Because he said that he would kill me.
Q. Did you believe him?
A. Yes, I did.

Selvog argues that because Smith never said, "I was afraid," the State failed to prove its case.

■ Smith testified that she believed Selvog when he said he would kill her. Under either an objective or a subjective standard, rational jurors could determine that this belief placed Smith in fear of death. There was no need for her to articulate the exact words, "I was afraid." The jurors also could rationally determine beyond a reasonable doubt that either Selvog's verbal death threat or his acts standing alone could reasonably cause Smith's fear of death. Fear of death subsumes fear of serious bodily injury. *See* TEX.PENAL CODE ANN. § 1.07(a)(7), (34); *Honea v. State, supra.*

The judgment is affirmed.

---

**3.** Amended by Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen. Laws 3588, current version found at TEX.PENAL CODE ANN. § 1.07(a)(8) (Vernon 1994).

**4.** Amended by Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3588, 3590, current version found at TEX.PENAL CODE ANN. § 1.07(a)(46) (Vernon 1994).