Michael Eugene SHERIDAN, Appellant,

v.

The STATE of Texas, State.

No. 2–96–272–CR.

Court of Appeals of Texas,
Fort Worth.

July 31, 1997.

Richard Alley, Larry Coker, Fort Worth, Appellant.

Tim Curry, Criminal District Attorney, Charles M. Mallin, David M. Curl, Jason Schuette, Steve Wells, Assistant Criminal District Attorneys, Fort Worth, for State.

Before JOHN G. HILL (Sitting by Assignment), BRIGHAM and HOLMAN, JJ.

## OPINION

PER CURIAM.

Michael Eugene Sheridan appeals his convictions for the offenses of felony driving while intoxicated and failure to stop and render aid. Sheridan pleaded guilty to the DWI offense and not guilty to the charge of failure to stop and render aid. The jury found him guilty of both charges. It assessed his punishment for the DWI at three years' confinement in the Institutional Division of the Texas Department of Criminal Justice, and five years' confinement, also in the Institutional Division of the Texas Department of Crimi-

nal Justice, for the charge of failure to stop and render aid. Sheridan contends in five points of error that: (1) the trial court erred and abused its discretion in denying his motion to quash and dismiss the indictment for the DWI offense and in admitting evidence of a prior misdemeanor conviction because the judgment in that cause was void; and (2) the evidence is insufficient to support his conviction for either of the two offenses or to support the jury's finding that he used a deadly weapon in connection with the offense of failure to stop and render aid.

We affirm because the trial court did not abuse its discretion in denying Sheridan's motion to dismiss the DWI indictment because the judgment in his prior misdemeanor conviction was not void and because the evidence is sufficient to support his conviction for both offenses. We reform the judgment to omit its finding that Sheridan used a deadly weapon during his commission of the offense of failure to stop and render aid because the evidence does not support the trial court's finding in the case of an offense of omission such as the failure to stop and render aid, where, as here, no deadly weapon was used in facilitation of the offense.

■ Sheridan contends in points of error numbers one and two that the trial court erred and abused its discretion in denying his motion to quash and dismiss the indictment as to the DWI charge, count one of the indictment, and in admitting evidence of a prior misdemeanor conviction, because the judgment in that prior conviction was void. He contends in point of error number three that because that prior conviction was void, the evidence is insufficient to support his conviction for felony driving while intoxicated.

All three of these points of error are based upon Sheridan's contention that the record in the prior misdemeanor conviction, Cause No. 489703 in the County Criminal Court No. 3 of Tarrant County, does not contain a written waiver of his right to counsel or of his right to a jury trial, as required by the Texas Code of Criminal Procedure. He acknowledges that the judgment and sentence in that cause states that he did waive those rights. The trial court granted Sheridan permission to

appeal the denial of his motion to quash and application for writ of habeas corpus that he presented before his plea of guilty to the felony DWI charge that is the subject of this appeal.

The record in this case shows that Sheridan in fact had counsel (Mr. Ken Pounds) in Cause No. 489703. Second, the record reflects that the basis of Sheridan's complaint in his pretrial proceedings in this cause is that the State failed to waive a jury trial in Cause No. 489703, not that *he* failed to waive a jury trial. Therefore, to the extent that Sheridan complains on appeal of his own failure to waive a jury trial, his complaint is not preserved for appellate review because it does not comport with his pretrial complaint in this cause. *See* TEX.R.APP. P. 52(a).

■ With respect to Sheridan's complaint that the State failed to waive a jury in writing, the defendant may not bring such a complaint, even upon direct appeal. *Shaffer v. State,* 769 S.W.2d 943, 944 (Tex.Crim.App. 1989); *Moore v. State,* 916 S.W.2d 696, 697 (Tex.App.—Beaumont 1996, no pet.).

Sheridan relies on *State ex rel. Curry v. Carr,* 847 S.W.2d 561, 562 (Tex.Crim.App. 1992). However, that case involved the State in a mandamus proceeding that required the trial court to conduct a jury trial before entering a judgment in a case of driving while intoxicated. As noted, it is the defendant, not the State, who may not bring a complaint about the State's failure to waive a jury trial in writing.

■ Because Sheridan has not established that his conviction in Cause No. 489703 was void, and because that was the only basis for his claim that the evidence is insufficient to support his conviction for felony driving while intoxicated, we hold that his plea of guilty before the jury is sufficient evidence to support his conviction. *See Ex parte Martin,* 747 S.W.2d 789, 792 (Tex.Crim.App.1988) (op. on reh'g). We overrule points of error numbers one, two, and three.

■ Sheridan urges in point of error number four that the evidence is insufficient to support his conviction for the offense of failure to stop and render aid. Viewing the evidence in the light most favorable to the jury's verdict, we must determine whether any rational trier-of-fact could have found the essential elements of the offense beyond a reasonable doubt. *See Garcia v. State,* 887 S.W.2d 862, 867 (Tex.Crim.App.1994), *cert. denied,* 514 U.S. 1021, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1995).

The elements of the offense of failure to stop and render aid are: (1) a driver of a vehicle (2) involved in an accident (3) resulting in injury or death of any person (4) intentionally and knowingly (5) fails to stop and render reasonable assistance. TEX.REV. CIV. STAT. ANN. art. 6701d, § 38(d) (Vernon 1977); *Thomas v. State,* 923 S.W.2d 645, 647 (Tex.App.—Houston [1st Dist.] 1995, no pet.).

Sheridan, while intoxicated, ran into the victim's van on Interstate 20 in Tarrant County, apparently in the City of Fort Worth, but near the City of Forest Hill. After the accident, Sheridan, without making any contact with the injured victim, ran down an embankment to a Whataburger. Once there, he immediately went to the restroom area, where he stayed for at least three or four minutes. Without speaking to anyone, he left the restaurant and used a pay phone outside the restaurant. There is no evidence in the record about whom he called or the nature of the conversation.

Fort Worth police records reflected that it had received no 911 call from the telephone that Sheridan was using. Testimony of the arresting police officer showed that if someone had made a 911 call from that location, it would be reflected on the Fort Worth Police record, but that if the call had gone to the Forest Hill Police Department or to that city's fire department, the Fort Worth police record would not reflect the call. A 911 call was received from the business telephone located inside the Whataburger. A Fort Worth police officer who had been dispatched to this accident testified that it is not unusual or unlawful for a person to go a short distance to report an accident like the one in which Sheridan was involved and that the Whataburger was the closest place that a person without a cellular phone could have used to call for help. No one at the Whataburger that evening testified about whether

Sheridan had or had not alerted them to the accident while he was in the restaurant.

Sheridan argues that the evidence is insufficient because since the State alleged that he failed to stop and the jury was charged that it must find that he failed to stop to find him guilty, the State was required to prove, but did not prove, that he failed to stop. While it is true that Sheridan did stop his vehicle at the scene of the accident, under these facts the State was not required to allege and prove that Sheridan failed to stop. Our record reflects that the indictment did not allege that he failed to stop and the court's charge did not require that the jury find that Sheridan failed to stop to find him guilty of this offense.

■ Sheridan also contends that since he might have been making medical arrangements or leaving his personal information with someone at the Whataburger, the State was required to prove, but did not, that he was not doing those things. At the time of the accident, this offense was governed by TEX.REV.CIV. STAT. ANN. art. 6701d, §§ 38, 40 (Vernon 1977). Those sections required one to provide certain personal information and medical assistance before leaving the scene of the accident. In this case the State established that Sheridan did neither. Sheridan ignores the statute's requirement that someone involved in an accident such as this do these things before leaving the scene of the accident.[1]

It may be that one involved in an accident such as that here might reasonably determine that the severity of his own or the other driver's injury necessitated leaving the scene of the accident long enough to seek medical assistance before exchanging personal information or seeking to administer medical assistance at the scene. If this were the case, the defendant could assert the defense of necessity in section 9.22 of the Texas Penal Code. In such a case it would be for the defendant to present evidence showing that he or she left the scene to seek medical assistance before carrying out the statutory

duties because it was immediately necessary to avoid imminent harm; the desirability and urgency of avoiding the harm clearly outweighed, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct; and a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear. TEX. PENAL CODE ANN. § 9.22 (Vernon 1994).

■ The defendant has the burden of presenting facts raising such a defense. *See Elam v. State,* 841 S.W.2d 937, 942 (Tex. Crim.App.1992). To present such a defense, Sheridan would have had to present some evidence that he did in fact go to the Whataburger for the purpose of seeking medical assistance for the injured driver or perhaps for himself. There is no such evidence in the record, but rather only evidence that he went there, that someone there called in a report of the accident, and that he was using the telephone there. Because Sheridan never presented facts raising the defense of necessity, he did not receive an instruction on the defense; therefore, the State was not required to negate it beyond a reasonable doubt. We overrule point of error number four.

■ Sheridan urges in point of error number five that the evidence is insufficient to support the jury's answer to the question concerning his use of a deadly weapon in the offense of failure to stop and render aid. Article. 42.12, section 3g(2) of the Texas Code of Criminal Procedure provides for the submission of such an issue to determine whether the defendant used or exhibited a deadly weapon in the commission of a felony offense. The offense of failure to stop and render aid is by its nature an offense of omission as opposed to an offense of commission. The Court of Criminal Appeals has upheld a deadly weapon finding where a weapon was used to facilitate a crime by omission. *See Hill v. State,* 913 S.W.2d 581, 583–84 (Tex.Crim.App.1996). In that case the Court stated that before an affirmative

---

1. We note that the nonsubstantive codification of the Transportation Code, effective September 1, 1995, after the date of this accident, omits this requirement that the operator of a motor vehicle not leave the scene before undertaking the statutory responsibilities. *See* TEX. TRANSP. CODE ANN. § 550.023 (Vernon Pamph.1997).

finding as to use of a deadly weapon may be made, the State must prove, beyond a reasonable doubt, that the charged individual employed or used a deadly weapon so as to facilitate the associated felony. *Id.* at 583. In this case, Sheridan did not facilitate his failure to stop and render aid by the use of a deadly weapon. Consequently, we agree with Sheridan that the evidence as a matter of law does not support the jury's finding that he used a deadly weapon in the commission of the offense of failure to stop and render aid.

As previously set forth in this opinion, the elements of the offense of failure to stop and render aid are: (1) a driver of a vehicle (2) involved in an accident (3) resulting in injury or death of any person (4) intentionally and knowingly (5) fails to stop and render reasonable assistance. TEX.REV.CIV. STAT. ANN. art. 6701d, § 38; *Thomas,* 923 S.W.2d at 647. The State argues that Sheridan's use of his pickup truck in connection with the accident resulting in injury supports the jury's finding that he used a deadly weapon in connection with the offense of failure to stop and render aid. Although the occurrence of the accident resulting in death or injury is essential to support a conviction of failure to stop and render aid, the gravamen of the offense relates to the actor's failure to stop and render reasonable assistance after such an accident. As previously noted, Sheridan did not use a deadly weapon to facilitate his failure to stop and render reasonable assistance. We sustain point of error number five.

■ The State requests that we reform the judgment to reflect a deadly weapon finding for the offense of DWI. The jury was not asked whether Sheridan used a deadly weapon during the DWI offense. Where the indictment does not allege the use of a deadly weapon per se and no special issue concerning the defendant's use of a deadly weapon is submitted to the jury, it is error for the trial court to enter a finding of the use of deadly weapon in connection with that offense. *Polk v. State,* 693 S.W.2d 391, 395 (Tex.Crim.App.1985). In the DWI case, the indictment did not allege the use of a deadly weapon, nor was the jury asked to determine whether Sheridan used a deadly weapon.

Consequently, the trial court did not err by failing to make a deadly weapon finding in the judgment in the DWI case. For the same reason that the trial court did not err in failing to make such a finding, this court has no authority to reform the judgment to reflect such a finding.

■ The State urges that this court should have measured the sufficiency of the evidence with respect to the deadly weapon finding in the failure to stop and render aid offense by reference to both offenses since it objected to the trial court's failure to submit a deadly weapon issue in the DWI case. It relies on *Moreno v. State,* 872 S.W.2d 1, 3 (Tex.App.—Houston [1st Dist.] 1993, no pet.). It is true, as stated in *Moreno,* that the sufficiency of the evidence to support a jury's verdict of conviction of an offense is measured by the proof required by law, not by the charge, where there is an error in the charge placing a higher burden on the State and the State objects to that error. *Id.* We find *Moreno* to be distinguishable in that it involved the charge on guilt or innocence of a single offense. In this case the jury was not charged at all on the issue of the use of a deadly weapon in the DWI case. This did not place a higher burden on the State; it merely eliminated any burden on either side as to that issue. The trial court's failure to submit that issue likewise did not increase the State's burden on the deadly weapon issue in the failure to stop and render aid conviction.

Even if, as argued by the State, the trial court erred by failing to submit the deadly weapon issue to the jury in the DWI case, the trial court's error does not supply the jury finding of deadly weapon necessary to support the entry of such a finding in the court's judgment.

In support of its argument that this court has the authority to reform the judgment, the State relies on *Shavers v. State,* 881 S.W.2d 67, 79 (Tex.App.—Dallas 1994, no pet.). That case is distinguishable because there was a jury finding in that case that the defendant used a deadly weapon in the offense for which he was convicted. *Id.* As previously noted, in this case there is no deadly weapon finding by the jury in connec-

tion with Sheridan's DWI conviction. We therefore decline to reform the judgment to reflect the use of a deadly weapon in Sheridan's DWI conviction.

We reform the judgment to omit its finding that Sheridan used a deadly weapon during his commission of the offense of failure to stop and render aid. We affirm the judgment as reformed.