NO. 12-04-00039-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
IN THE MATTER                                              §                 APPEAL FROM THE 
 
OF A.D.,                                                              §                 COUNTY COURT AT LAW #3
 
A JUVENILE                                                     §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Appellant A.D. appeals the juvenile court’s order modifying disposition and committing him
to the Texas Youth Commission. A.D. presents two issues on appeal. We affirm.
 
Background
            On August 19, 2002, the juvenile court found beyond a reasonable doubt that, on or about
December 13, 2001, A.D. engaged in delinquent conduct by committing the offense of indecency
with a child in violation of section 21.11 of the Texas Penal Code. See Tex. Pen. Code Ann.
§ 21.11 (Vernon 2003). The juvenile court ordered that A.D. be placed on juvenile probation under
the terms of Section 54.04(d) of the Texas Family Code until he reached eighteen years of age. See
Tex. Fam. Code Ann. § 54.04(d) (Vernon 2002). The terms and conditions of his probation
included the following:
 
              1.           Commit no offense against the laws of this or any other State, or any political
subdivision thereof, or of the United States.
 
              10.         Reside in the home of [your parents] and obey all the rules and regulations of the
person to whom you are released.
              14.         Remain in the company of the person(s) to whom you are released at all times
unless you ask for and receive permission prior to leaving their company at which
time you will notify the person(s) to whom you were released by the Court as to
where you are, who you are with, and what you are doing at all times.
 
              15.         Remain in the home of the person(s) to whom you were released between the hours
of 6:00 p.m. and 6:00 a.m. Sunday-Thursday, and 6:00 p.m. and 6:00 a.m. Friday-Saturday, unless the person(s) to whom you are released are given permission by
the Probation Officer for you to do otherwise or unless you are with the person(s)
to whom you were released.


            On December 18, 2003, the State filed a petition to modify disposition alleging that on or
about December 4, A.D. violated a condition of his court-ordered probation in that he did not remain
in the home of the person to whom he was released during curfew hours in direct violation of
condition number 14. The State also alleged that A.D. violated conditions 1 and 10. 
            At the hearing on the State’s petition, A.D.’s mother testified that although A.D. did break
some rules of her house, he stopped as soon as he was told to do so. Officer Scott Behrend, a police
officer with the Tyler Police Department, testified that at approximately 8:00 p.m. on December 4,
he was dispatched to Douglas Elementary School after an alarm was sounded on the front door. He
observed one person standing outside a propped-open door and, after noticing the police, that person
and four other persons left the building running, carrying boxes. Behrend caught and arrested one
of the individuals who, after questioning, gave police the names of the four other individuals who
were involved in the alleged burglary. One of those named was A.D., who was taken into custody
at his home. The other three were also arrested. Behrend testified that ice cream was in the boxes
taken from the school.
            While being processed by the police department, A.D. stated that he was not involved. Later,
according to Behrend, A.D. contradicted this statement. As Behrend was writing his report, all five
persons arrested for the alleged burglary at the school were being observed by the police in a briefing
room. As they began to talk among themselves, A.D. stated that he had run through his yard and in
a certain route to get away from the police. A.D. also made statements about trading the ice cream
and told the other persons to remain silent. After Behrend’s testimony, A.D. moved for and was
granted a directed verdict on the first count of the State’s petition, a violation of condition 10. 
            A.D. testified that on December 4, he was at his residence. Around 6:30 p.m., his mother
sent him to look for his brother. A.D. complied. Shortly thereafter, the police arrived at his home.
A.D. admitted that he had to obey his mother and that he knew that his curfew was 6:00 p.m. 
Further, A.D. knew that his mother was supposed to ensure that he abided by the conditions of his
probation, including his curfew. Based on the evidence, the juvenile court found that on
December 4, A.D. intentionally and knowingly violated a condition of his court-ordered probation
in that he did not remain in the home of the person to whom he was released during curfew hours,
conduct in direct violation of condition 14. Further, the juvenile court failed to find that A.D.
violated condition 1. The juvenile court committed A.D. to the Texas Youth Commission
indeterminately and signed an order incorporating its ruling. This appeal followed.
 
Evidentiary Sufficiency
            In his second issue, A.D. contends that there is either no evidence or the evidence is factually
insufficient to support the trial court’s finding that he violated a condition of his probation. More
specifically, A.D. argues that condition 14 of his court-ordered probation did not include a curfew
and that a curfew allegation is a separate and distinct violation of his probation that must be
separately pleaded and proved. Further, A.D. contends that to allow the State to prove he violated
condition 14 where the State alleged violation of condition 15 would be clearly wrong and unjust.
            A trial court’s modification of a juvenile disposition is reviewed under an abuse of discretion
standard. Matter of T.R.S., 115 S.W.3d 318, 320 (Tex. App.–Texarkana 2003, no pet.). In a
probation revocation hearing, the decision whether to revoke rests within the discretion of the trial
court. Id. The trial court is not authorized to revoke probation without a showing that the
probationer has violated a condition of the probation imposed by the court. Id. The burden of proof
in a probation revocation hearing is by a preponderance of the evidence. Cobb v. State, 851 S.W.2d
871, 873 (Tex. Crim. App. 1993); Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). 
            When a juvenile challenges the legal sufficiency of the evidence by a no-evidence issue, we
consider only that evidence and those inferences which tend to support the challenged findings and
disregard any and all evidence and inferences to the contrary. In re H.G., 993 S.W.2d 211, 213
(Tex. App.–San Antonio 1999, no pet.). When reviewing a factual sufficiency challenge in a
juvenile case, we consider the totality of the evidence to determine whether the evidence supporting
the finding is so weak or the evidence contrary to the finding is so overwhelming that it is clearly
wrong and unjust. Id. The trier of fact is the exclusive judge of the credibility of the witnesses and,
as such, may believe or disbelieve any witness and resolve any inconsistencies in the testimony of
any witness. Matter of T.R.S., 115 S.W.3d at 321; In re H.G., 993 S.W.2d at 213.
            Officer Behrend testified that he arrested A.D. for allegedly burglarizing an elementary
school on December 4, 2003. Behrend testified that the burglary occurred at approximately 8:00
p.m. He also testified that A.D. stated he evaded police on that date and talked about trading the
stolen items. A.D. testified that in response to his mother’s instructions on that same date, he left
his residence around 6:30 p.m. to look for his brother A.D. also admitted that he knew his curfew
was 6:00 p.m. Considering only the evidence and inferences tending to support the findings, we
conclude that the juvenile court did not abuse its discretion by finding that A.D. violated a condition
of his probation by not remaining in the home of the person to whom he was released during curfew
hours. See In re H.G., 993 S.W.2d at 213. 
            Having found the evidence legally sufficient, we consider A.D.’s challenge to the factual
sufficiency, considering the totality of the evidence. Id. Behrend admitted that he caught only one
alleged burglar at the school, who gave the police A.D.’s name. Behrend acknowledged that while
A.D. was being processed at the police department, he denied being involved in the alleged burglary.
A.D. testified that he had to comply with his mother’s instructions to look for his brother and that
his mother was supposed to ensure that he abided by the conditions of his probation. All this
evidence tends to favor A.D. However, the trier of fact is the sole judge of the credibility of
witnesses, may believe or disbelieve any witness, and may resolve any inconsistencies in the
witness’s testimony. See id. In reviewing the totality of the evidence, we conclude that the evidence
supporting the finding is not so weak nor is the evidence contrary to the finding so overwhelming
that it is clearly wrong and unjust. See id.
            A.D. also appears to argue that a variance existed between the evidence adduced at the
modification hearing and the allegations in the State’s motion. Specifically, A.D. contends that
condition 14 of his court-ordered probation did not include the language “during curfew hours.” To
preserve a variance issue for appellate review, the defendant must timely object to that variance at
or before trial or it is waived. Tex. R. Civ. App. P. 33.1; Hunt v. State, 5 S.W.3d 833, 835 (Tex.
App.–Amarillo 1999, pet. ref’d). The record contains no objection by A.D. to the State’s motion for
disposition containing the alleged variance. Therefore, A.D. has waived this issue. However, even
if the issue had not been waived, the result would not change. 
            A variance occurs when there is a disparity between the allegations in the charging
instrument and the proof at trial. Gollihar v. State, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001).
Nonetheless, a variance is fatal only if it is material and prejudices the defendant’s substantial rights.
Id. at 257 (quoting United States v. Sprick, 233 F.3d 845, 853 (5th Cir. 2000)). The purpose of the
doctrine of variance is to avoid surprise. Stevens v. State, 891 S.W.2d 649, 650 (Tex. Crim. App.
1995). Therefore, for the variance to be material, it must be such as to mislead the party to his
prejudice. Id. In this case, the State’s motion included an allegation that A.D. had violated a
condition of his court-ordered probation, conduct prohibited by condition 15, in that he did not
remain in the home of the person to whom he was released during curfew hours. The State’s motion,
however, alleged that this prohibited conduct was a violation of condition 14, rather than condition
15. As previously stated, the conduct alleged was prohibited by condition 15, not condition 14. 
Moreover, the evidence at trial revealed conduct in violation of condition 15. A.D. never
complained of being misled by the motion or being surprised by the State’s proof at trial. Therefore,
the variance, if any, was not material or fatal. See Gollihar, 46 S.W.3d at 246. Appellant’s second
issue is overruled.
 
Necessity Defense
            In his first issue, A.D. contends that, if he successfully raised the necessity defense, the
juvenile court abused its discretion by finding that he violated a condition of his probation. We must
first decide whether A.D. raised the necessity defense. The defendant has the burden of presenting
facts raising such a defense. Sheridan v. State, 950 S.W.2d 755, 758 (Tex. App.–Fort Worth 1997,
no pet.).
            To raise the necessity defense, a defendant must admit that he committed the offense charged
and then offer the alleged necessity as a justification for his conduct. Ford v. State, 112 S.W.3d 788,
793 (Tex. App.–Houston [14th Dist.] 2003, no pet.). Conduct is justified if (1) the defendant
reasonably believes the conduct is immediately necessary to avoid imminent harm, (2) the
desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of
reasonableness, the harm sought to be prevented by the law proscribing the conduct, and (3) a
legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly
appear. Tex. Pen. Code Ann. § 9.22 (Vernon 2003). “Imminent” means something that is
impending. Pennington v. State, 54 S.W.3d 852, 857 (Tex. App.–Fort Worth 2001, pet. ref’d).
Harm is imminent when there is an emergency situation and it is “immediately necessary” to avoid
that harm. Id. (quoting Jackson v. State, 50 S.W.3d 579, 594-95 (Tex. App.–Fort Worth 2001, pet.
ref’d)). In other words, a split-second decision is required without time to consider the law. Id.
            In the evidence adduced at the modification hearing, A.D. testified that on December 4, his
mother instructed him to look for his brother. A.D. admitted that, in response, he left the house after
his curfew of 6:00 p.m. A.D. testified that he had to comply with his mother’s instructions. 
However, A.D.’s testimony does not show that he reasonably believed his conduct in obeying his
mother’s instructions was immediately necessary to avoid imminent harm or that avoiding the harm
clearly outweighed the harm sought to be prevented by the condition of his court-ordered probation.
See Tex. Pen. Code Ann. § 9.22. Nor does A.D.’s testimony show that he believed the harm was
imminent, that there was an emergency situation, or that a split-second decision was required. See
Pennington, 54 S.W.3d at 857. Because there is no evidence that A.D.’s conduct was justified, we
conclude that he has failed to raise the necessity defense. See Sheridan, 950 S.W.2d at 758. Having
concluded that A.D. failed to raise the necessity defense, we do not consider whether the juvenile
court abused its discretion by finding that he violated a condition of his probation. Accordingly, we
overrule A.D.’s first issue.
 
Disposition
            The judgment of the trial court is affirmed.
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
Opinion delivered May 25, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(PUBLISH)