REECE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-06-367-CR

        
2-06-368-CR

        2-06-369-CR

        2-06-370-CR

        2-06-371-CR

        2-06-372-CR

BOBBY JOE REECE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

OPINION

------------

Bobby Joe Reece appeals from six convictions for offenses involving six different children:  four for aggravated sexual assault of a child (one with three counts), one for indecency with a child by contact, and one for indecency with a child by exposure.  He received life sentences on each of the four aggravated sexual assault convictions, a twenty-year sentence on the indecency with a child by contact conviction, and a ten-year sentence on the indecency with a child by exposure conviction.  In two issues, appellant contends that the trial court erred by (1) denying his motion to quash the indictments because each fails to provide adequate notice of the offense charged in light of the State’s disclosure of extraneous offenses to be used at trial and (2) denying his request for a mistrial when the State directly commented on his silence at punishment.  We affirm.

Background

The State charged appellant in six separate indictments with sexual offenses against six different children.  In each case, appellant filed two requests asking the State to give him notice of its intent to introduce evidence of extraneous offenses at both the guilt-innocence and punishment phases of trial.  On August 25, 2006, the State filed a notice of its intent to consolidate all six cases for trial.  Appellant did not object to the notice, nor did he move to sever the cases.

On September 15, 2006, appellant filed a “Constitutional Motion to Quash the Indictment” in each case.  The captions for all six cases appear at the top of the document.  In the motion, appellant contends that the indictments fail to give proper notice, violate his Fifth Amendment right to be free from charges without the presentment of or indictment of a grand jury, and violate the guarantees of due process in the Fifth and Fourteenth Amendments and in the Texas Constitution.  Specifically, he contended that the nonspecific, “on or about” language in the indictments made it impossible to determine (1) if there were witnesses who could provide an alibi for appellant and (2) whether the grand jury considered only the facts alleged in each indictment as opposed to extraneous offenses, because in each case the State’s file contained statements from the victims “that the abuse happened more than one time.”   The trial court denied the motion. 

On September 18, 2006, the State filed its notice of intent to introduce extraneous offenses into evidence at trial;
(footnote: 1) it did not distinguish those offenses that it intended to introduce at guilt-innocence from those it intended to introduce at punishment.  The charged offense in each of the pending cases, in addition to other, unrelated extraneous offenses, were included in the list of extraneous offenses. 

A jury trial began on October 16, 2006 and ended October 19, 2006.  All six children testified.  Only two of the children testified to multiple instances of sexual misconduct; the others testified to only one incident each.  Appellant also testified, maintaining that he was innocent of all allegations.  The jury found appellant guilty in all six cases.  Appellant appeals from all six convictions.

Adequacy of Notice of Alleged Offenses

In his first issue, appellant contends that the trial court erred by failing to grant his motion to quash the indictments because “in light of the State’s disclosure of numerous extraneous offenses pursuant to Article 38.23, . . . [a]ppellant was denied proper notice of the charges against him in each case.”  According to appellant, the notice of extraneous offenses filed by the State “subsumed the allegations contained in the indictments, and thus broadened the allegations against the appellant.”  

At the heart of appellant’s complaint is the effect of the State’s notice of intent to introduce extraneous offenses on the charges listed in the various indictments.  Although only two indictments charged appellant with multiple acts against a particular child, the State’s notice of extraneous offenses indicated a notice of intent to introduce evidence of multiple instances of conduct against three of the children.  For instance, the list regarding alleged offenses as to one of the children read, “During the years of 2003-2005, the Defendant . . . did 
repeatedly
 cause the penetration of the mouth of” the child.  [Emphasis added.]  However, the indictment in the case involving that child charged appellant with only one instance of conduct.  Thus, appellant contends that once the State gave notice of its intent to introduce these multiple offenses, the indictments no longer adequately notified him of the offenses against which he was to defend versus those that would be used as extraneous offenses only. 

However, appellant’s complaint on appeal does not comport with the complaints in his pretrial motion to quash.  The primary complaint in his pretrial motion to quash is with the “on or about” language in the indictments, which is different from his complaint on appeal.  Appellant did not amend his motion to quash after receiving the State’s notice of intent to introduce extraneous offenses, nor can we find anyplace in the record where he made his appellate complaint to the trial court.  Accordingly, we hold that appellant failed to preserve the complaint in his first issue.  
See
 
Tex. R. App. P.
 33.1(a); 
Swain v. State
, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005), 
cert. denied
, 127 S. Ct. 145 (2006); 
Sheridan v. State
, 950 S.W.2d 755, 756 (Tex. App.—Fort Worth 1997, no pet.).

Denial of Motion for Mistrial

In his second issue, appellant complains that the trial court erred by failing to declare a mistrial after the State made the following argument at punishment, which appellant claims impermissibly commented on his invocation of his right to remain silent:

[Prosecutor]: Those kids, it’s unnatural that children have to come in here and do this, but what’s more unnatural is what he did.  And I’m sorry that we have to put you in this situation, but I’m more sorry that he’s actually in here asking you to give him mercy.  He showed no mercy on six victims.  He showed no mercy in court.  
He didn’t come in here and say, I’m so sorry, help me
.  [Emphasis added.] 

The trial court sustained appellant’s objection to the argument and, at appellant’s request, instructed the jury to disregard the comment.  However, the trial court denied appellant’s request for a mistrial.  

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion by denying the mistrial.  
Archie v. State
, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); 
Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, i.e., “so prejudicial that expenditure of further time and expense would be wasteful and futile,” will a mistrial be required.  
Archie
, 221 S.W.3d at 699 (quoting 
Hawkins
, 135 S.W.3d at 77)
; see also Simpson v. State,
 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied,
 542 U.S. 905 (2004).  In determining whether the trial court abused its discretion in denying the mistrial, we balance three factors:  (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct.  
Archie
, 221 S.W.3d at 700;  
Hawkins,
 135 S.W.3d at 77; 
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  

Here, the prosecutor’s comment occurred at the very end of closing argument.  After the trial court finished ruling on appellant’s objection and request for a mistrial, it informed the State that its time for closing argument was over.  The jury then retired to deliberate.  The comment was isolated, and the trial court gave two strong instructions to the jury:  (1) “You will disregard the comment of this prosecutor regarding the defendant not being sorry” and (2) “When I tell you to disregard that, I mean that it can play absolutely no part in your decisions in judging the proper sentences in these cases.”  Moreover, it is likely that the jury would have assessed the same punishment but for the improper comment.  
See Archie
, 221 S.W.3d at 700.  Although appellant testified at guilt-innocence and maintained his innocence as to all of the charges, the jury clearly disbelieved him and found him guilty of multiple sexual offenses against six children in his extended family.  The State did not put on any additional evidence at punishment, and all of appellant’s punishment evidence was related to whether he was a good candidate for community supervision.  Appellant’s wife testified repeatedly that she still did not believe appellant committed the offenses.  Accordingly, we conclude that the trial court did not abuse its discretion by denying appellant’s motion for a mistrial.  
See id
.  We overrule appellant’s second issue.

Conclusion

Having overruled appellant’s second issue and determined that he failed to preserve review of his first issue, we affirm the trial court’s judgment.

TERRIE LIVINGSTON

JUSTICE

PANEL F: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: November 21, 2007

FOOTNOTES
1:
The cause numbers for all six cases appear in the caption; it appears that the same notice was filed in each case.