COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                                NOS.
2-06-367-CR

                                                         2-06-368-CR

                                                         2-06-369-CR

                                                         2-06-370-CR

                                                         2-06-371-CR

                                                         2-06-372-CR

 

 

BOBBY JOE REECE                                                                           APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                                STATE

 

                                                       ------------

 

             FROM CRIMINAL DISTRICT
COURT NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                                      OPINION

 

                                                       ------------








Bobby Joe Reece appeals from six convictions for offenses
involving six different children:  four
for aggravated sexual assault of a child (one with three counts), one for
indecency with a child by contact, and one for indecency with a child by
exposure.  He received life sentences on
each of the four aggravated sexual assault convictions, a twenty-year sentence
on the indecency with a child by contact conviction, and a ten-year sentence on
the indecency with a child by exposure conviction.  In two issues, appellant contends that the
trial court erred by (1) denying his motion to quash the indictments because
each fails to provide adequate notice of the offense charged in light of the
State=s disclosure of
extraneous offenses to be used at trial and (2) denying his request for a
mistrial when the State directly commented on his silence at punishment.  We affirm.

Background

The State charged appellant in six separate indictments
with sexual offenses against six different children.  In each case, appellant filed two requests
asking the State to give him notice of its intent to introduce evidence of
extraneous offenses at both the guilt-innocence and punishment phases of trial.  On August 25, 2006, the State filed a notice
of its intent to consolidate all six cases for trial.  Appellant did not object to the notice, nor
did he move to sever the cases.








On September 15, 2006, appellant filed a AConstitutional
Motion to Quash the Indictment@ in each
case.  The captions for all six cases
appear at the top of the document.  In
the motion, appellant contends that the indictments fail to give proper notice,
violate his Fifth Amendment right to be free from charges without the
presentment of or indictment of a grand jury, and violate the guarantees of due
process in the Fifth and Fourteenth Amendments and in the Texas
Constitution.  Specifically, he contended
that the nonspecific, Aon or about@ language in the
indictments made it impossible to determine (1) if there were witnesses who
could provide an alibi for appellant and (2) whether the grand jury considered
only the facts alleged in each indictment as opposed to extraneous offenses,
because in each case the State=s file contained
statements from the victims Athat the abuse
happened more than one time.@   The trial court denied the motion. 

On September 18, 2006, the State filed its notice of intent
to introduce extraneous offenses into evidence at trial;[1]
it did not distinguish those offenses that it intended to introduce at
guilt-innocence from those it intended to introduce at punishment.  The charged offense in each of the pending
cases, in addition to other, unrelated extraneous offenses, were included in
the list of extraneous offenses. 








A jury trial began on October 16, 2006 and ended October
19, 2006.  All six children
testified.  Only two of the children
testified to multiple instances of sexual misconduct; the others testified to
only one incident each.  Appellant also
testified, maintaining that he was innocent of all allegations.  The jury found appellant guilty in all six
cases.  Appellant appeals from all six
convictions.

Adequacy of Notice of Alleged Offenses

In his first issue, appellant contends that the trial court
erred by failing to grant his motion to quash the indictments because Ain light of the
State=s disclosure of
numerous extraneous offenses pursuant to Article 38.23, . . . [a]ppellant was
denied proper notice of the charges against him in each case.@  According to appellant, the notice of
extraneous offenses filed by the State Asubsumed the
allegations contained in the indictments, and thus broadened the allegations
against the appellant.@  








At the heart of appellant=s complaint is the
effect of the State=s notice of intent to introduce extraneous
offenses on the charges listed in the various indictments.  Although only two indictments charged
appellant with multiple acts against a particular child, the State=s notice of
extraneous offenses indicated a notice of intent to introduce evidence of
multiple instances of conduct against three of the children.  For instance, the list regarding alleged offenses
as to one of the children read, ADuring the years
of 2003-2005, the Defendant . . . did repeatedly cause the penetration
of the mouth of@ the child.  [Emphasis added.]  However, the indictment in the case involving
that child charged appellant with only one instance of conduct.  Thus, appellant contends that once the State
gave notice of its intent to introduce these multiple offenses, the indictments
no longer adequately notified him of the offenses against which he was to
defend versus those that would be used as extraneous offenses only. 

However, appellant=s complaint on
appeal does not comport with the complaints in his pretrial motion to
quash.  The primary complaint in his
pretrial motion to quash is with the Aon or about@ language in the
indictments, which is different from his complaint on appeal.  Appellant did not amend his motion to quash
after receiving the State=s notice of intent to introduce extraneous
offenses, nor can we find anyplace in the record where he made his appellate
complaint to the trial court.  Accordingly,
we hold that appellant failed to preserve the complaint in his first
issue.  See Tex. R. App. P. 33.1(a); Swain v.
State, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005), cert. denied, 127
S. Ct. 145 (2006); Sheridan v. State, 950 S.W.2d 755, 756 (Tex. App.CFort Worth 1997,
no pet.).

Denial of Motion for Mistrial

In his second issue, appellant complains that the trial
court erred by failing to declare a mistrial after the State made the following
argument at punishment, which appellant claims impermissibly commented on his
invocation of his right to remain silent:








[Prosecutor]:          Those kids, it=s unnatural that children have to
come in here and do this, but what=s more unnatural is what he did.  And I=m sorry that we have to put you in this situation, but I=m more sorry that he=s actually in here asking you to
give him mercy.  He showed no mercy on
six victims.  He showed no mercy in
court.  He didn=t come in here and say, I=m so sorry, help me. 
[Emphasis added.] 

 

The
trial court sustained appellant=s objection to the
argument and, at appellant=s request,
instructed the jury to disregard the comment. 
However, the trial court denied appellant=s request for a
mistrial.  








When the trial court sustains an objection and instructs
the jury to disregard but denies a defendant=s motion for a
mistrial, the issue is whether the trial court abused its discretion by denying
the mistrial.  Archie v. State,
221 S.W.3d 695, 699 (Tex. Crim. App. 2007); Hawkins v. State, 135 S.W.3d
72, 77 (Tex. Crim. App. 2004).  Only in
extreme circumstances, when the prejudice caused by the improper argument is
incurable, i.e., Aso prejudicial that expenditure of further
time and expense would be wasteful and futile,@ will a mistrial
be required.  Archie, 221 S.W.3d
at 699 (quoting Hawkins, 135 S.W.3d at 77); see also Simpson v.
State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert. denied, 542
U.S. 905 (2004).  In determining whether
the trial court abused its discretion in denying the mistrial, we balance three
factors:  (1) the severity of the
misconduct (prejudicial effect), (2) curative measures, and (3) the certainty
of the punishment assessed absent the misconduct.  Archie, 221 S.W.3d at 700;  Hawkins, 135 S.W.3d at 77; Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999).  








Here, the prosecutor=s comment occurred
at the very end of closing argument. 
After the trial court finished ruling on appellant=s objection and
request for a mistrial, it informed the State that its time for closing
argument was over.  The jury then retired
to deliberate.  The comment was isolated,
and the trial court gave two strong instructions to the jury:  (1) AYou will disregard
the comment of this prosecutor regarding the defendant not being sorry@ and (2) AWhen I tell you to
disregard that, I mean that it can play absolutely no part in your decisions in
judging the proper sentences in these cases.@  Moreover, it is likely that the jury would
have assessed the same punishment but for the improper comment.  See Archie, 221 S.W.3d at 700.  Although appellant testified at
guilt-innocence and maintained his innocence as to all of the charges, the jury
clearly disbelieved him and found him guilty of multiple sexual offenses
against six children in his extended family. 
The State did not put on any additional evidence at punishment, and all
of appellant=s punishment evidence was related to
whether he was a good candidate for community supervision.  Appellant=s wife testified
repeatedly that she still did not believe appellant committed the
offenses.  Accordingly, we conclude that
the trial court did not abuse its discretion by denying appellant=s motion for a
mistrial.  See id.  We overrule appellant=s second issue.

Conclusion

Having overruled appellant=s second issue and
determined that he failed to preserve review of his first issue, we affirm the
trial court=s judgment.

 

TERRIE
LIVINGSTON

JUSTICE

 

PANEL F:     CAYCE,
C.J.; LIVINGSTON and MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R.
App. P. 47.2(b)

 

DELIVERED: November 21, 2007











[1]The
cause numbers for all six cases appear in the caption; it appears that the same
notice was filed in each case.