NO.  07-09-0396-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 23, 2010

_____________________________

 

CARLOS TIJERINA,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

______________________________

 

FROM THE 154TH
DISTRICT COURT OF LAMB COUNTY; 

 

NO. 4162; HONORABLE
FELIX KLEIN, JUDGE

______________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

ORDER

 

 

Appearing
pro se, Carlos Tijerina
filed a document with this court that we mistakenly treated as a notice of
appeal.  Tijerina
subsequently filed a document explaining his original filing was intended to
place us on notice of a potential appeal if he received an unfavorable ruling
on matters pending in the trial court. 
Questioning our jurisdiction, we offered Tijerina
and the State an opportunity to address the issue further.  Neither responded.  

Our
appellate jurisdiction in a criminal case extends to judgments and appealable
orders.  See Tex. Code Crim. Proc. art.
44.02 (Vernon 2006) (“[a] defendant in any criminal action has the right of
appeal under the rules hereinafter prescribed”); Tex. R. App. P. 25.2(a)(2) (a defendant “has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules” which the trial court shall
certify each time it “enters a judgment of guilt or other appealable order”).  Otherwise, we lack appellate
jurisdiction.  In some circumstances, a
premature notice of appeal may be effective to invoke appellate
jurisdiction.  See Tex. R. App. P. 27.1(b). 
However, this is not such a case. 
According to the correspondence Tijerina
filed, the trial court has not yet ruled on matters he presented to that court
for determination. 

            Finding we lack jurisdiction
of this appeal, it is dismissed.

            It is so ordered.

 

                                                                                    Per
Curiam

 

Do not publish.  

 






>582 S.W.2d 782 
(Tex.Crim.App. 1979). In Goss, the court considered a challenge to an indictment that
alleged the defendant intentionally and knowingly operated a vehicle that was involved in
a collision, but did not allege the defendant knew the accident had occurred. Id. at 783,
785. The court held knowledge an accident had occurred is an element of the offense of
failure to stop and render aid, contrasting the treatment of the knowledge element under
the revised penal code with prior law that treated the defendant's lack of knowledge as a
defensive matter. Id. at 785. The court concluded that the culpable mental state required
for the offense "is that the accused had knowledge of the circumstances surrounding his
conduct (V.T.C.A., Penal Code Sec. 6.03(b)), i.e., had knowledge that an accident had
occurred." Id.; accord, Baker v. State, 974 S.W.2d 750 (Tex. App.-San Antonio 1998, pet.
ref'd) (Goss analysis applies to offense as codified in §§ 550.021 and 550.023, Texas
Transportation Code). While Goss and cases following it clearly require that the State
prove the defendant had knowledge of the circumstances, that is, knowledge an accident
had occurred, we do not read such cases to hold that the only culpable mental state
applicable to the offense proscribed by § 550.021 is the knowledge of circumstances
surrounding the conduct. 

 Many cases, including Morales, 673 S.W.2d at 698, list the elements of the offense
to include the driver's intentional and knowing failure to stop and take the statutorily
required actions. See, e.g., Steen v. State, 640 S.W.2d 912, 915 (Tex.Crim.App. 1982);
Allen v. State, 971 S.W.2d 715, 717 (Tex.App.-Houston [14th Dist.] 1998 no pet.); Sheridan
v. State, 950 S.W.2d 755, 759 (Tex.App.-Fort Worth 1997, no pet.). Such elements focus
not on knowledge of circumstances but on the nature of the defendant's conduct. Cf.
Sheridan, 950 S.W.2d at 759 (noting that "gravamen of the offense relates to the actor's
failure to stop and render reasonable assistance"). Considering Goss and the cases
following it in light of Steen and the other cases containing that listing of the elements, we
conclude that § 550.021 encompasses elements that relate to both the circumstances
surrounding conduct and the nature of conduct. 

 Appellant's indictment included the allegations that he intentionally and knowingly
drove the vehicle involved in the accident, and that he intentionally and knowingly left the
scene of the accident, knowing that the accident had occurred. We find the trial court did
not err by defining, in its charge, intentional and knowing conduct with reference to the
nature of appellant's conduct.

 We agree with appellant, however, that the charge's definition of intentional conduct
should not have contained the reference to a result of his conduct. See Garza v. State,
794 S.W.2d 497, 500-01 (Tex.App.-Corpus Christi 1992, pet. ref'd) (charge should contain
only that portion of the statutory definition which corresponds to the culpable mental state
proscribed by the offense). We next consider whether the error resulted in actual, as
opposed to theoretical, harm to appellant. Patrick v. State, 906 S.W.2d 481, 492
(Tex.Crim.App. 1995). 

 Appellant did not raise the objections to the charge in the trial court that he now
urges. When an appellant fails to preserve charge error through a timely and proper
objection, then the appellate court must decide whether the error was so egregious that the
appellant did not receive a fair and impartial trial. Almanza, 686 S.W.2d 157, 171
(Tex.Crim.App. 1985); Hutch v. State, 922 S.W.2d 166, 171 (Tex.Crim.App. 1996). "Jury-charge error is egregiously harmful if it affects the very basis of the case, deprives the
defendant of a valuable right, or vitally affects a defensive theory." Stuhler v. State, 218
S.W.3d 706, 719 (Tex.Crim.App. 2007). Our review for egregious harm requires
consideration of the entire jury charge, the evidence including the contested issues and
weight of the probative evidence, the arguments of counsel, and any other relevant
information revealed by the record of the trial as a whole. Id. Review of those factors does
not reveal that appellant suffered egregious harm from the inclusion of the reference to
result of conduct in the charge's definition of the term intentionally. 

 We overrule appellant's third and fourth issues.

Conclusion

 Having overruled appellant's four issues, we affirm the judgment of the trial court.


 James T. Campbell

 Justice






Publish. 
1. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).
2. Tex. Code Crim. Proc. Ann. art. 38.22 (Vernon 2005).